## MOORE v. CITY OF WALLA WALLA et al.

### (Circuit Court, D Washington, S. D. March 20, 1894.)

1. **MUNICIPAL CORPORATIONS—CONSTRUCTION OF WATERWORKS—INJUNCTION BY PROPERTY OWNER.**

    When a city has power under its charter to construct waterworks, the fact that, by so doing, it would violate contract rights of an existing water company, gives individual property owners no right to enjoin it on the ground that their taxes would be increased thereby.

2. **SAME—LIMIT OF INDEBTEDNESS—GENERAL LAWS—SPECIAL CHARTERS.**

    The general laws of Washington fixing the limitation of indebtedness which may be incurred by municipalities apply to cities holding charters granted by special acts of the territorial legislature. Yesler v. City of Seattle, 25 Pac. 1014, 1 Wash. St. 308, followed.

3. **SAME—ELECTIONS—NOTICE—PUBLICATION.**

    Publication of notice of a city election from June 26th to July 26th, both days inclusive, is sufficient compliance with an ordinance directing publication for 30 days, although the official paper in which publication is made is not issued on Sundays or on the 4th of July.

4. **SAME—PUBLIC IMPROVEMENT BONDS.**

    The laws of Washington giving municipal corporations authority to provide means for constructing works of public utility by issuing and selling negotiable bonds includes authority to make such bonds payable in gold coin of the present standard weight and fineness.

This was a bill for an injunction by Julia A. Moore, a nonresident taxpayer of the city of Walla Walla, to prevent the incurring of a bonded indebtedness for waterworks. Application for injunction pendente lite denied, and demurrer to bill of complaint sustained.

George Turner, for complainant.

W. T. Dovell and L. C. Gilman, for defendants.

HANFORD, District Judge. The grounds set forth in the bill of complaint in this case for an injunction against the city and its officers are the same as in the case of the Walla Walla Water Company against the same defendants. The complainant in this case, however, is especially interested only by reason of the fact that she will be liable to increased taxation if the city shall incur a debt as proposed; therefore, the grounds upon which my decision in favor of the complainant in the Case of the Walla Walla Water Company is based are not sufficient to justify an injunction in favor of this complainant. I hold that there is no lack of power in the city to construct and maintain the water system, but the scheme as proposed is an invasion of the rights of the Walla Walla Water Company under its contract with the city, which gives that company, but no other party, a right to complain.

The other grounds relied upon, to which no allusion is made in my opinion in the preceding case, are also insufficient. The point made, that the limitation upon the power of the city to incur debt contained in the 105th section of its charter has not been repealed by the general laws of this state fixing a different and more liberal measure, has been passed upon by the supreme court of this state in the case of Yesler v. City of Seattle, 1 Wash. St. 308, 25 Pac. 1014. That decision bears directly on the point, holding that the general laws of the state fixing the limitation of indebtedness which may be incurred by municipalities apply to cities holding charters granted by special acts of the territorial legislature, as well as to cities incorporated under the general law of the state.

The point that the voters at the special election which authorized the city to construct waterworks and issue bonds to the amount of $160,000 were not registered is also met and answered by the decision of the supreme court of this state in Seymour v. City of Tacoma, 6 Wash. 138, 32 Pac. 1077. The same decision also determines adversely to the complainant the contention of her counsel that the vote of the city merely authorized the city council to provide for the construction of waterworks, and that the ordinance under which the city is proceeding having been passed before the vote, and not being dependent on the vote, is void. These decisions declare the law of this state, and are of binding force in this court. The ordinance under which the city is proceeding was approved June 20, 1893, and by its terms it took effect upon the expiration of publication thereof for five days consecutively in the official newspapers of the city. This provision of the ordinance is consistent with the provisions of the city charter to the effect that ordinances of the city shall not take effect until five days after publication thereof, and that, after an ordinance has been passed six days, it shall be presumed to have been published five days. I must presume, therefore, that this ordinance went into effect on the 26th day of June. Notice of the proposed election was published in each issue of the official newspaper from June 26th to July 26th, both days included. I hold that this notice was legal, and a sufficient compliance with the direction contained in the ordinance directing the city clerk to give at least 30 days'

notice of the time, place, and purpose of said election by publication in the city official paper for 30 days next preceding such election, although there was no issue of the official paper on Sundays nor on the 4th day of July.

The last proposition advanced by counsel for the complainant is that "the ordinance is invalid because the proposed bonds are to be payable in gold coin of the present standard weight and fineness." As to this, I hold that the authority given by the laws of the state to municipal corporations, to provide means for constructing works of public utility, by issuing and selling negotiable bonds, includes authority to redeem such bonds in money of equal value to that which they shall have received. True, if gold coin of the present standard advances in value, and if the city shall be hereafter compelled to receive its income in money of less value, a debt under such a contract may be found to exceed the legal limit. But there is no greater probability of such changes than there is of assessments being made by persons whose judgment may require them to greatly undervalue property subject to taxation as compared with appraisements made by the present officials, and in that way change the ratio of city indebtedness to the assessed value of property subject to taxation. Application of the rule contended for by counsel for the complainant would require the city to not only keep within the limits, but to maintain a considerable margin to avoid possibility of an excess of debt consequent upon changes in standards of value. Such a policy in the conduct of municipal business may be wise, but taxpayers cannot by legal process compel the city officials to follow it. Whether or not a contemplated debt is prohibited by reason of the amount being in excess of the legal limit can only be determined by computing according to existing standards. The demurrer to the bill of complaint will be sustained, and the application for an injunction denied.