[No. 1889.   Decided August 22, 1895.]

PATRICK  H. WINSTON, *Respondent*, v. THE CITY OF SPOKANE *et al.*, *Appellants*.

MUNICIPAL CORPORATIONS — LIMIT OF INDEBTEDNESS — CONSTITUTIONAL LAW.

A city may legally enter into a contract with one advancing moneys to it for the completion of a system of water works, whereby a special fund for the repayment of the moneys is to be created out of a certain percentage of the receipts of the water works, and no obligation is assumed by the city except to make payment out of the special fund, as such contract is not an incurring of municipal indebtedness within the meaning of the constitutional provisions on such subject. (DUNBAR and SCOTT, JJ., dissent).

*Appeal from Superior Court, Spokane County.*

*James Dawson,* and *Blake & Post,* for appellants:

Ordinance No. A 583 and the contract therein contained complained of by plaintiff does not provide for the city contracting a debt, or becoming indebted,

within the meaning of § 6, art. 8, of the constitution. The ordinance complained of simply provides for anticipation of revenues. The city is under no obligation to repay this money by means of taxation. The other current revenues are sufficient to pay all other ordinary expenses. There is then no "debt." *City of Valparaiso v. Gardner,* 97 Ind. 1 (40 Am. Rep. 416); *Grant v. Davenport,* 36 Iowa, 396; *Burlington Water Co. v. Woodward,* 49 Iowa, 58; 1 Dillon, Mun. Corp. (3d ed.) § 135; *People v. Arguello,* 37 Cal. 524; *State v. Parkinson,* 5 Nev. 15; *State v. McCauley,* 15 Cal. 430; *Smith v. Dedham,* 144 Mass. 177; *Fuller v. Heath,* 89 Ill. 296; *Allen v. Grimes,* 9 Wash. 424; *State v. Medbery,* 7 Ohio St. 529.

*Winston & Winston,* for respondent.

The opinion of the court was delivered by

Hoyt, C. J.—The foundation of this action was the alleged invalidity of a certain ordinance of the city of Spokane, Number A 583. The superior court found such ordinance to be invalid and, by reason of such finding, decreed to plaintiff the relief prayed for in his complaint. The claim that such ordinance was invalid grows out of the fact, alleged in the complaint and admitted in the answer, that the existing indebtedness of the city of Spokane was in excess of the limit authorized by the constitution, and it is not claimed that said ordinance is invalid for any other reason. Such ordinance authorizes the city to enter into a contract with Theis and Barroll for the furnishing of money for the completion of a system of water works for the city and provides for the issuance to them for the money so advanced, of the obligations of the city payable out of a special fund to be created by

placing therein sixty per cent. of the receipts derived from such water works. And it is claimed on the part of the respondent that the entering into said contract and the issuance of such obligations of the city is the incurring of an indebtedness within the meaning of the constitution, and that to do so at the present time is not within the power of the city, for the reason that it is already indebted beyond the constitutional limit.

It will be seen that the sole question presented for our consideration is as to whether or not the ordinance in question, the contract to be executed in pursuance thereof, or the obligations provided for in said contract, will create an indebtedness of the city within the meaning of the provisions of the constitution (art. 8, § 6) in relation thereto. Said ordinance and contract, when construed together, provide that the obligations to be issued in pursuance thereof shall be payable only out of the special fund to be created out of the receipts of the waterworks as above specified, and that the city shall not be in any manner liable to pay the same except out of moneys in said special fund.

For the purposes of this case, it must be conceded that said waterworks will, in addition to supplying the money for the creation of such fund as provided for in said ordinance, pay all the expenses incident to their operation, and for that reason the creation of such special fund can occasion no liability upon the part of the city to make any payment out of its general funds. This being so, we are of the opinion that neither the ordinance, the contract, nor the obligations to be issued by the city in pursuance thereof, do or will constitute a debt of the city within the constitutional definition. The only obligation assumed on the part of the city is to pay out of the special fund,

and it is in no manner otherwise liable to the beneficiaries under the contract. The general credit of the city is in no manner pledged except for the performance of its duty in the creation of such special fund. The transaction therefore is no more the incurring of an indebtedness on the part of the city than is the issue of warrants payable out of a special fund created by an assessment upon property to be benefited by a local improvement. Hence the question is upon principle within the one decided by this court in *Baker v. Seattle*, 2 Wash. 576 (27 Pac. 462), in which it was held that warrants issued to a contractor for a street improvement and payable out of a special fund to be created by an assessment therefor, were not an indebtedness of the city within the meaning of our constitution. In that case it was not decided whether or not the city would be liable for negligence in failing to take the necessary steps for the creation of the special fund out of which the warrants were to be paid, but from what was decided, it is clear that in the opinion of the court, the fact of such contingent liability, if it existed, was not sufficient to make the obligations issued against the fund a part of the indebtedness of the city. The case at bar is in our opinion within the principle decided in that one, and as we are satisfied with what was therein held, it is not necessary to further pursue the subject. We would, however, call attention the case of the *City of Valparaiso v. Gardner*, 97 Ind. 1 (40 Am. Rep. 416), which seems to fully sustain the contention of the appellants. A large number of other cases to the same effect might be cited.

In our opinion, the ordinance, construed in the light of the facts stated in the complaint and the answer thereto, was a valid one, and that the contract pro-

vided for therein when entered into would be binding as against the city, for the reason that the obligations to be issued in pursuance thereof would not constitute an indebtedness within the meaning of the constitutional provision.

The judgment will be reversed, and the cause remanded with instructions to dismiss the action.

ANDERS and GORDON, JJ., concur.

DUNBAR and SCOTT, JJ., dissent.