[No. 2234. Decided June 29, 1896.]

## S. T. PACKWOOD, *Appellant*, v. COUNTY OF KITTITAS *et al.*, *Respondents*.

COUNTY INDEBTEDNESS — VALIDATING ELECTION — NOTICE — BONDS — PAYMENT IN GOLD.

A notice of election for the purpose of validating county warrants, given under the provisions of Laws 1893, p. 181, need not specify the polling places in the county where the election is to be held, but is sufficient when it gives a general notice as to when the election would be held throughout the county, since the general election law requiring notices to be posted in the several precincts affords the voters opportunity to ascertain where in each precinct the election would be held.

When legislative authority is given to a county to issue funding bonds, without any restriction as to the kind of money in which they shall be payable, the county has discretion to issue such bonds as will best accomplish the general object to secure which their issue was authorized.

When authority is conferred upon a county to issue bonds, the county is authorized to make them payable in gold, when there is no legislative restriction thereon, especially in view of the circumstance that it had been customary in this state and territory, prior to the grant of legislative authority, to make such bonds payable in gold, as it must be presumed it was the intention of the legislature that the former custom should be followed.

Appeal from Superior Court, Kittitas County.— Hon. CARROLL B. GRAVES, Judge. Affirmed.

*Wood & Oakley*, for appellant.

*Eugene E. Wager*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.—By this action it was sought to prevent the county of Kittitas from issuing certain proposed funding bonds, and to restrain the officers of said county, who were made defendants, from signing, attesting or countersigning said bonds.   The grounds upon which these objects were sought were the alleged invalidity of the act of March 9, 1893 (Laws, p. 181), under which there had been an attempt to validate the warrants for which the funding bonds were to be issued, the invalidity of the act of March 22, 1895 (Laws, p. 465), which authorized the issuing of funding bonds, and the insufficiency of the election held for the purpose of validating the warrants, even if the act under which it was held was valid.   The validity of the first of these acts was recognized by this court in the case of *Hunt v. Fawcett*, 8 Wash. 396 (36 Pac. 318), and in *Williams v. Shoudy*, 12 Wash. 363 (41 Pac. 169), the objections to the other are not clearly pointed out and we see no reason for holding that it is not in full force.

The regularity of the election proceedings for the validation of the same warrants which are involved in this action was also passed upon in the case of *Williams v. Shoudy*, *supra*, and a conclusion reached adverse to the contention of appellant, but the particular ground upon which the appellant in this action principally relies was given but slight consideration. The main contention of appellant in the case at bar is that the election proceedings were invalid for the reason that no sufficient notice was given of such election.   The alleged insufficiency of the notice consists in the fact that it was not stated therein at what place or places the election would be held, the only statement as to time and place being that on the 8th

day of November, 1894, in the county of Kittitas, state of Washington, such election would be held, and it is claimed the failure to state in the published notice the places at which the election would be held rendered the notice insufficient. But we are of the opinion that the law did not contemplate that more than a general notice as to when the election would be held throughout the county should be published; that it was intended that voters should resort to the notices required by the general election law to be posted in the several precincts to ascertain where in each precinct the election would be held. We see no reason to doubt the correctness of the decision in the case above referred to, to the effect that this election was sufficient for the purposes for which it was held.

One other fact was alleged which it was claimed would make the proposed issue of bonds illegal. It was that under the terms of the contract with the firm to whom the bonds were to be sold they were to be made payable in gold coin, and it is claimed that without express authority from the legislature the county officers could not legally make such bonds so payable. But, in our opinion, such authority may be implied from the legislation upon the subject, though not conferred in express terms. When the legislature grants to a municipality the right to issue bonds it necessarily leaves to such municipality much discretion as to the conditions of such bonds, and excepting as it is restricted by the terms of the act granting the authority such municipality has discretion to issue such bonds as will best accomplish the general object to secure which their issue was authorized; and since such bonds must be payable in some kind of money, in the absence of express restriction it is for the municipality to determine as to the kind of money.

Beside, the legislation of this state, when interpreted in the light of surrounding circumstances, may well be held to have conferred express authority to issue bonds payable in gold. All legislation should be interpreted in the light of surrounding circumstances, and it was a well-known fact at the time the legislation in question was enacted, which must be presumed to have been known to the legislature, that the bonds which had theretofore been issued by the municipalities of this state and territory were mostly, if not all, made payable in gold coin. Hence, when authority was given for a further issue of such bonds, without any restriction as to the kind of money in which they should be made payable, it may well be presumed that it was the intention of the legislature that the former custom should be followed and the bonds made payable in gold.

This question was before the circuit court for the district of Washington in the case of *Moore v. City of Walla Walla*, 60 Fed. 961, and it was there decided that municipalities of this state were authorized to issue gold bonds. To the same effect is *Farson, Leach & Co. v. Board of Commissioners of Sinking Fund* (Ky). 30 S. W. 17.

No error is disclosed by the record which can avail appellant and the judgment of the superior court will be affirmed.

ANDERS, DUNBAR and GORDON, JJ., concur.