[No. 2580.  Decided April 28, 1897.]

A. H. KENYON *et al.*, *Respondents*, v. CITY OF SPOKANE *et al.*, *Appellants*.

CITY WARRANTS — PAYABLE IN GOLD — PERIODIC PAYMENT — OBLIGATION OF CONTRACTS.

In the absence of legislative restriction a city has power to make its warrants drawn on a special fund, in payment of borrowed money, payable in gold coin, although the sums paid into the fund may be payable in any kind of lawful money.

Laws 1895, p. 297, authorizing municipalities to provide temporary funds for current expenses in anticipation of future revenues, and providing for the payment of the obligations issued therefor in lawful money of the United States, does not apply to warrants issued to refund an outstanding warrant indebtedness.

A city has power, in the absence of legislative restriction, to make its warrants, drawn on a special fund derived from the receipts of its water works system, payable at yearly periods.

The refunding by a city of interest-bearing warrants which had been issued for money borrowed to construct a water works system, under an ordinance which provided that sixty per cent. of the revenues derived from the receipts of the system should be set aside for the payment of the original warrants, is not a violation of the contractual rights of the holders of the original warrants, although they may have had in contemplation the length of time the warrants would probably run, when they advanced the moneys for which they were issued.

The repeal of an ordinance under which outstanding valid warrants have been issued, would not affect the right of the holders to payment.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Reversed.

*W. H. Plummer*, for appellant:

Where a municipality has power to issue bonds, warrants or other securities, it has also the implied or incidental power to determine in what kind of money they shall be

made payable, in the absence of legislative restrictions. *Skinner v. City of Santa Rosa*, 107 Cal. 465; *Judson v. City of Bessemer*, 87 Ala. 240; *Trustees of University v. Moody*, 62 Ala. 389; *Moore v. Walla Walla*, 60 Fed. 961; *Heilbron v. Mayor of Cuthbert*, 96 Ga. 312; *Farson v. Board of Commissioners*, 30 S. W. 17; *Pollard v. City of Pleasant Hill*, 3 Dill. 197; *Woodruff v. Mississippi*, 162 U. S. 291.

*Henley & Kellam*, for respondent Barroll:

Upon the point that the city could not issue warrants payable in gold coin against a special fund, because such warrants operate as an assignment of the fund and cannot be made payable in any other kind of money than that constituting the fund, counsel cite *Winston v. Spokane*, 12 Wash. 524; *Springfield v. Edwards*, 84 Ill. 626; *Law v. People*, 87 Ill. 398; *Quill v. Indianapolis*, 23 N. E. 790; 2 Am. & Eng. Enc. Law, p. 1059.

The opinion of the court was delivered by

SCOTT, C. J.—This action was brought to restrain the city of Spokane from issuing warrants in the sum of $350,000 to A. C. Frost & Co., the principal and interest of which were to be payable out of a special fund created by revenues derived from its water works system, for the purpose of refunding warrants already outstanding, which were issued to obtain money to construct such system, and which were payable out of such fund. H. C. Barroll intervened, alleging that the proposed action on the part of the city would violate his rights as a tax payer and would also violate his contractual rights as a holder of the prior warrants which were sought to be refunded. A demurrer to the complaints was interposed by the city and overruled by the court, and from a judg-

ment rendered in favor of the plaintiff and intervenor the city has appealed.

The ordinance under which the prior warrants were issued was before this court for consideration in *Winston v. Spokane*, 12 Wash. 524 (41 Pac. 888), where the court held that the issuance of such warrants, payable only from a special fund created out of a certain percentage of the revenues derived from the water works, was not an incurring of a municipal indebtedness within the meaning of the constitutional provisions on that subject. Those warrants bear eight per cent. interest and were payable in lawful money at any time when there was sufficient money in the fund to take them up respectively. The major portion of them are yet outstanding. The warrants proposed to be issued under the ordinance now before the court will bear but six per cent. interest and are made payable in gold coin of its present standard of weight and fineness and at stated intervals, viz., $8,000 on January 1, 1898; $9,000, January 1, 1899, and so on, the amount coming due each year increasing by $1,000 until all of them are paid.

It is first contended that the city had no authority to make such warrants payable in any other than lawful money, in accordance with the moneys paid into the fund as the receipts of such water system, it being contended that such warrants operate simply as an assignment *pro tanto* of the fund and therefore cannot be made payable in any other kind of money than that constituting the fund. But in the case of *Packwood v. Kittitas County*, 15 Wash. 88 (45 Pac. 640, 55 Am. St. Rep. 875), this court held that a municipality might issue bonds payable only in gold coin where there was no legislative restriction. The respondents concede that this would be true were this a borrowing of money, but argue that the present case cannot be considered as a borrowing of money.

as the city was only entering into an arrangement by which it was to account for and pay over to the holders of such warrants certain amounts of the moneys derived from the system. But it seems to us that it is a borrowing of the money, nevertheless, although there is no general obligation upon the part of the city to repay it, payment being limited to the fund created by setting aside a part of the revenues of the water system. So far as we are advised, there is nothing to prevent the city from making such revenues payable in gold coin, and, if there is, there is certainly nothing to prevent the city from converting the moneys so received into gold coin for the purpose of discharging these obligations, and we are of the opinion that the rule in the case last cited would govern this case also.

Attention has been called to an act authorizing counties, cities, towns and school districts to provide temporary funds for current expenses in anticipation of their revenues. Laws 1895, p. 297. Sec. 5 of said act gives the form of the obligations to be issued therefor, which provides for payment in lawful money of the United States. This act was in force when the case last cited was passed upon, and it was not regarded as having any bearing; nor do we consider that it has any in the present case, as it only purports to provide temporary funds for current expenses, and is not available where there is an outstanding warrant or floating indebtedness not funded, and could not be used in this instance for that reason. We are of the opinion that the city has authority to make said obligations payable in gold coin, as it is attempting to do.

It is next contended that the city had no authority to make said obligations payable at stated times only; that as such obligations operate merely as an assignment of the revenues to be derived as aforesaid, they must be sub-

ject to payment at any time when there is sufficient money in the fund to take them up respectively; and it is argued that if they are only payable at yearly periods, money will be accumulating in the fund during the year, lying idle, on which the city would be losing interest. But this relates more to the policy of such a contract than the power of the city to enter into it. It might be a matter of convenience to both parties to have the obligations payable at stated intervals, rather than at such indefinite times as sufficient money should accumulate; and even though the city had not the power to postpone any payments thereon for a number of years, we think it would have the power, as providing for an orderly and convenient transaction of its business, to make them payable at reasonably short periods; and the proposed manner of payment cannot be held unreasonable, it no doubt being based upon the estimated available revenues of the system.

In this respect, also, attention has been called to an act passed by the last legislature, Laws 1897, p. 326. Subdivision B, § 2, at p. 329 of said act, provides that such obligations shall be payable upon call in the order of their numbers whenever there is in such special fund a sufficient amount to pay them. But this act, while it contains an emergency clause, was approved on the 17th of March last, and the ordinance in question was passed in January preceding. Consequently said act has no bearing.

Some contention is made that under the latter ordinance the city will become directly obligated to pay the money borrowed, on the ground that by the ordinance the city purports to guarantee that there will be sufficient moneys derived from the water works system to pay the warrants. But even if this ordinance is susceptible of such a construction, it is apparent that it cannot obtain in this instance, it being conceded that the incurring of such an

obligation would exceed the constitutional limit of indebtedness which the city is authorized to assume, and the obligations can only be payable out of the moneys derived from the water works system, as held in *Winston v. Spokane, supra.*

Respondent Barroll further contends that the ordinance last passed interferes with and violates his rights as a holder of the warrants issued under the prior ordinance, on the ground that, while no stated time of payment was mentioned therein, payment was provided for by setting aside sixty per cent. of the water works income out of which the warrants were payable as fast as sufficient money should be collected, and that the holders of such warrants have a right to have them paid in that manner and no faster than the moneys so to be derived would pay them. But we do not think this contention is well founded. It was not provided that such warrants should run any stated time, nor that they would not be payable in any other manner, and under the terms of contract the holders of said warrants could not complain if they were paid before the expiration of their estimated time. The most they could contend for would be to have the city pay them as fast as the moneys were paid into the fund as provided. If it was intended to have them run any certain length of time definite provision should have been made therefor. If the respondent's position were well taken, he could just as well complain of an ordinance increasing the sum to be set aside for their payment to seventy per cent. of the receipts, instead of sixty, as the original ordinance provided for; or from increasing the revenues by an extension of the works; or an increase of rates above those provided for at the time. While it is probably true that the length of time that these warrants would likely run was taken into consideration by the respondent in

advancing the money in the first instance, no contractual right is violated if the city sees fit to pay them before that assumed time has expired. It was not an improbable supposition, then, and an element which the respondent should have taken into consideration, if he did not, that the city might at some time be able to refund such warrants upon more advantageous terms.

Objection is made also to the effect that the later ordinance repeals the former one, and it is contended that this could not be done until the warrants issued under the first ordinance are paid; and it is argued that in case only a portion of the money should be advanced by Frost & Co., and they should decline to furnish the balance, there would be no provision for the payment of the outstanding prior warrants. But it is evident that the payment of such prior warrants cannot be prejudiced by a repeal, or an attempted repeal, of said ordinance under which they were issued. The city would have no power to do that.

It follows that the judgment of the lower court should be reversed, and the cause is remanded for further proceedings in accordance herewith.

DUNBAR, ANDERS, REAVIS and GORDON, JJ., concur.