[No. 2932.  Decided May 16, 1898.]

GEORGE M. FAULKNER, *Appellant*, v. CITY OF SEATTLE,
*Respondent.*

MUNICIPAL CORPORATIONS — INDEBTEDNESS — BONDS ON SPECIAL FUND
— WATERWORKS — CHANGE OF SYSTEM — ELECTIONS.

The issuance of bonds for the construction of a waterworks
system payable from a fund to be created from a certain percent-
age of the gross revenues of the system, would not create a debt
against the city, although it might ultimately prove that the pro-
portion of revenues from the system allowed for current expenses
in its operation would be inadequate to fully meet such expenses.

The fact that a special fund, which is to be provided for the
construction of a system of waterworks, is not in existence,
would not make expenditures incurred on the credit of that fund
and which are provided as payable therefrom, an indebtedness
against the city.

The submission of a proposition to the voters of a city for an
extensive addition to its system of waterworks and for a change
from a pumping to a gravity system, is governed by Laws 1893, p.
12, § 2, which provides that a plan therefor may be submitted to
the people and adopted by majority vote, if no indebtedness is
created against the city; and such addition does not come within
the purview of Laws 1895, p. 18 (Bal. Code, §§ 835-837), requiring
a three-fifths vote in favor of a change of system, as the latter
statute contemplates and governs changes in a system in pro-
cess of construction.

· Appeal from Superior Court, King County.—Hon.
WM. HICKMAN MOORE, Judge.   Affirmed.

*W. T. Scott,* for appellant.

*W. E. Humphrey,* and *Edward Von Tobel (John K.
Brown,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This action was brought to enjoin the city
from proceeding with the construction of a water works

improvement known as the " Cedar River Gravity System."
The appeal is from a judgment sustaining a general demur-
rer to the complaint.   In October, 1895, an ordinance
was passed providing for an election to submit the ques-
tion as to whether the city should make certain additions
to an existing pumping system then in use and owned by
the city, the proposed additions being set forth in detail,
together with the proposed manner of payment for the
construction thereof.   The election resulting favorably
to the proposed scheme, thereafter another ordinance was
passed providing for the condemnation and acquisition of
property for the purpose of constructing said system as
outlined in the previous ordinance, and appropriating one
thousand dollars to pay certain preliminary expenses.   The
ordinance further provided for the letting of a contract
for the construction of the system and the issuance of
bonds payable from a fund to be derived by setting aside
75 per cent. of the gross receipts of the system, and that
the contract should contain a provision that the contractor
should take all warrants issued by the city in payment of
any and all real estate rights, easements, and privileges
necessary to the prosecution of the work, at par.   But the
ordinance contained the further provision that " payment
for all such real estate rights, easements and privileges
shall be made from sums obtained by the sale of warrants
to the contractor as hereinbefore provided by this section,
or from such other funds as the city council shall provide."
The contract has not been let, but the city was about
to proceed to obtain rights of way, etc., preliminary
thereto.   The appellant contends for a reversal of the judg-
ment on the grounds that the construction of said system
would create a debt against the city and that it is indebted
in an amount exceeding the constitutional limit;   also
because the conditions precedent provided in the ordinance

21—19 WASH.

for obtaining the funds necessary for the improvement have not been complied with; and that the fund is not in existence and cannot come into existence until the completion and acceptance of the improvements, and until that time that there could be no money in the fund against which warrants could be drawn for the costs and expenses connected therewith; and also for the reason that the question was never submitted to the electors, the proposed improvements not being an addition, but being a change of system. It is conceded that bonds issued only against a fund to be created from the revenues of the system would not create a debt against the city. *Winston v. Spokane,* 12 Wash. 524 (41 Pac. 888). But it is contended in this case that under the allegations of the complaint a debt would be created because the city proposes to bind itself to devote 75 per cent. of the gross receipts to the payment of the bonds and that it further appears that the remaining 25 per cent. would not be sufficient to cover the operating expenses of the system. But, conceding this to be true, we are of the opinion that it does not appear that any debt would be created by the contract. There is no uncertainty about the proposition so far as the payment of the proposed bonds is concerned, for the ordinance expressly provides that the contractor shall have no claim against the city beyond the fund provided. It is impossible to determine at this time whether 25 per cent. of the gross receipts will be sufficient to cover operating expenses, and the allegations of the complaint in that respect can be regarded as nothing more than conclusions or estimates. Furthermore, it is not apparent, in case the operating expenses should exceed said 25 per cent., that the city could not provide for a payment thereof in some lawful manner. Of course it could not be done by issuing warrants, which would create an additional indebtedness

against the city in excess of the limit, but it does not
appear that there is any intention to do this.   It is ap-
parent that the reservation of 25 per cent. of the gross
receipts for the management of the system is to be regarded
as an estimate upon the part of the city, to be assented to
by the contractor, as to what would be sufficient for the
operation of the plant, and it might not follow that, in
case it should be found insufficient, an additional amount
could not be set aside or raised in some way.   At any rate,
the contract for the construction of the improvements is
limited in every way from the creation of any debt in
excess of the limit, and as far as all funds and costs are
concerned it is this contract that must suffer rather than
that the debt limit can be violated.   It is also urged that
as the fund is not now in existence and as the city is pro-
posing to acquire rights of way and property rights prior
to the creation of the fund, this would be a violation of
the provision with reference to its debt limit, but that does
not follow necessarily.   There may be some method for
immediate payment provided for property condemned, or
an agreement possibly postponing and limiting payment
to the fund contemplated under the contract for the con-
struction of the works.   If the city should wrongfully
attempt to make payment for rights of way out of its gen-
eral fund, the parties holding claims against that fund possi-
bly could interfere, but it is not apparent that there is any
intention to deplete this fund.   Appellant further contends
that, because the ordinance authorizes a change of system
from a pumping to a gravity one, and also because of the
extent of the alterations and additions, it can not be re-
garded as an addition merely, but is an entire change of
system, and for that reason it was necessary that it should
be assented to by three-fifths of all the electors voting on
the proposition.   But if this were conceded, it does not

appear from the complaint that three-fifths of the people voting did not vote in favor of it. Although it is alleged that the ordinance provided for the submission of the matter to a majority of the electors, this is not equivalent to an allegation that three-fifths did not vote in favor of it. However, the further claim of the respondent must be sustained, that under chapter 8 of the Laws of 1893, p. 12, a majority vote was sufficient so long as there was no provision that the city was to become indebted for the construction of the plant, and it was not under chapter 13 of the Laws of 1895, p. 18 (Bal. Code, §§ 835-837), which refers to a change in a system in process of construction.

We are of the opinion, under the facts shown, that the city might proceed with the preliminary work as is proposed, although it has not the power to issue warrants against the fund to be derived by the sale of warrants to the contractor in advance of the letting of the contract, as provision for payment may be made in some other manner, as indicated.

Affirmed.

REAVIS, DUNBAR, GORDON, and ANDERS, JJ., concur.