[No. 3480. Decided December 3, 1900.]

CHARLES S. FOGG, *Respondent*, v. TOWN OF HOQUIAM, *Appellant*.

JUDGMENT—RES JUDICATA.

A judgment in an action to enjoin and annul an assessment for a street improvement cannot be treated as *res judicata* upon the question of the invalidity of the assessment by reason of the town's having passed the constitutional limit of indebtedness, in a subsequent action between the same parties which seeks to enjoin a reassessment upon plaintiff's property on account of the same improvement, when there is no allegation in the pleadings in the original action that the town rendered itself liable by contract for any portion of the cost of the local improvement, nor any allusion made by the court in its findings and decree as to the question of debt limitation.

STREET IMPROVEMENTS—INVALID ASSESSMENT—REASSESSMENT.

Where an assessment for a street improvement has been declared by the courts invalid and a reassessment against the

property benefited has been made under Laws 1893, p. 226, the reassessment must be held valid when it appears that it was made with reference to the benefits received by the property affected, that the property was equitably and proportionately assessed, and that the sum assessed against any particular parcel of land does not exceed the benefits received by such property from the public improvement.

SAME—ENFORCEMENT OF COLLECTIONS—LIMITATIONS.

The statute of limitations begins to run against assessments for public improvements only from the time a valid assessment is made, and, where the original assessment has been adjudicated invalid, a cause of action does not accrue until the levy of a valid reassessment.

Appeal from Superior Court, Chehalis County.— Hon. OLIVER V. LINN, Judge. Reversed.

*James H. Parker,* for appellant.

*Austin E. Griffiths* (*Greene & Griffiths,* of counsel), for respondent.

The opinion of the court was delivered by

REAVIS, J.—In 1890 the town of Hoquiam, assuming to act under authority of a general act of the legislature of the state (Bal. Code, § 1016), improved certain streets, and constituted an assessment district and assessed the cost of the improvement against lots fronting on the street, including the lots of the respondent. Before any proceedings were taken to enforce the payment of the assessment so levied, an action was commenced by the respondent in the superior court to enjoin the collection of the assessment. Judgment was entered by the superior court on the 6th day of January, 1893. The court found, generally, "that the equities of this case are with the plaintiff [respondent], and that he is entitled to the relief therein prayed for. The court further finds that the affirmative defense, counter-claim, or cross bill of the defendant [town] filed

herein, is not supported by the evidence." And the decree was that the assessment complained of, levied upon respondent's lots, be, and the same is hereby, set aside and decreed to be invalid, illegal, and void, and the town of Hoquiam is enjoined from taking any further steps toward enforcing the collection of the said assessment, or in any wise treating the same as valid or subsisting claims or liens against said lots or any part thereof. The prayer of respondent's complaint was for an injunction restraining the town from taking further steps toward the collection of the assessment, and that the assessment be decreed illegal and void and set aside, and the town be restrained from attempting to enforce any assessment levy or claim whatsoever upon respondent's property for the improvement made by the town. The complaint, for cause of action, set out various irregularities in the procedure leading up to the assessment; that the contract for the improvement was not let according to law, or to the lowest bidder; that the contract was not performed according to its terms; and that the assessment was not made according to benefits conferred upon the property improved; and also set out the last general assessment roll of the town of Hoquiam, and that the improvement contracts exceeded the debt limit of the town. Under the reassessment act of March 9, 1893 (Laws, 1893, p. 226), the town made a reassessment of the cost and expense of the improvement. Respondent duly appeared before the council and made his objection to the reassessment. The reassessment was confirmed by the council, and the respondent appealed to the superior court, and a trial was had. The superior court, after the hearing, found as follows:

"In this cause, after considering the evidence and argument of counsel, the court is of the opinion that the judgment in the former case of Fogg vs. the Town of Hoquiam

is decisive of the questions and rights of the parties in issue in this case.

The question of the validity of the contract on account of the town being beyond the constitutional limit of indebtedness was an issue in that action, and the court in its opinion says that the contention of the plaintiff was sustained, and supplements this by entering a decree enjoining the town from collecting the assessment, and that the contract was void.

In view of these facts, this court cannot go into the examination of the correctness of that opinion and decree; and, as no appeal was taken from that decree, it is binding upon the parties. As this opinion is decisive of the rights of the parties in this proceeding, it will be unnecessary to consider the other questions presented by argument of counsel."

And as conclusions of law:

"That the judgment in the former case of Fogg v. the Town of Hoquiam, cause No. 214, is decisive and res judicata of the question and rights of the parties in issue in this case, and that the question of the validity of its said contract on account of the town of Hoquiam being beyond the constitutional limit of indebtedness was an issue in that action. And the court further finds that plaintiff is entitled to a decree annulling the said reassessment proceedings and for costs."

1. It is apparent that the judgment of the superior court was founded upon its view of the conclusiveness of the former adjudication of the validity of the original assessment. The appellant, town of Hoquiam, in the reassessment, proceeded under the act of 1893, *supra*. The act, in § 1, substantially declares that whenever an assessment which has heretofore been made has been or may be decreed void and its enforcement refused by the court, or for any cause has been set aside, annulled, or declared void, by any court, either directly or by virtue of any de-

cree of such court, the council shall order a new assessment or reassessment upon the property benefited by the improvement, and the reassessment shall be based upon the actual value at the time of the completion of the work, and new assessment rolls shall be made in an equitable manner, with reference to the benefits received. It is further provided in § 6 that the fact that the contract has been let, or such improvement made, shall not prevent the assessment, nor shall the omission or failure of any officer to comply with the provisions of the law as to notice, resolution to improve, estimates, surveys, diagrams, manner of letting contract, or execution of work, or any other matter whatsoever connected with the improvement, or the first assessment thereof, operate to invalidate, or in any way affect, the making of the reassessment charging the property benefited with the expense thereof. But the new assessment shall not exceed the actual cost and value of the improvement. And it is also declared the intention of the law to make the cost and expense of local improvements payable by the real estate benefited by such improvements by a reassessment therefor, notwithstanding that the proceedings of the council or its officers may be found irregular or defective, whether jurisdictional or otherwise. It is also provided in § 10, that a town or city may proceed to make a reassessment under its charter or under the provisions of the law of 1893. The controlling consideration in assessments for local improvements is that the benefits conferred upon the property be a continuing and altogether sufficient consideration for the imposition of the tax by reassessment. The reassessment proceedings do not affect the decree of the court in the original assessment. It does not seem clear how the question of the debt limit of the town of Hoquiam could

have been in issue in the former adjudication.    It is true
there is an allegation in the complaint of the value of the
property as shown by the town assessment roll, and that
the cost of the local assessments was more than one and
one-half per cent. of the value of the property shown on
the assessment roll. There is no allegation that the town of
Hoquiam rendered itself liable by contract for any portion
of the cost of the local improvement.    The court, in its
findings and decree, does not allude to the question of debt
limitation.    It is, however, mentioned in an opinion filed
.by the superior court; but it does not appear in the rec-
ord of the former trial what the contract was between the
town and the contractors who did the work—in fact, it
does not appear that any issue was presented which neces-
sarily rendered the claim for the cost and value of the lo-
cal improvements invalid. It is concluded that the plea of
former adjudication in the suit enjoining the original
assessment cannot be sustained.

2.    The town elected to proceed under the statute of
1893 in the reassessment.    It has been heretofore deter-
mined that the statute of 1893 provides for an assessment
in local improvements with reference to the benefits to the
property improved, and the property must be equitably
and proportionately assessed, and that the sum assessed
against any particular lot or parcel of property cannot, in
any event, exceed the special benefits received by such
property from the public improvement made.    These ques-
tions must be determined by the proper assessing officer,
and examined and equalized by the council.    Notice of
hearing must be given to the owner of the real property
affected by the assessment, and he may appear and must
be heard upon the fairness, justice, and amount of the
assessment.    See *Annie Wright Seminary v. Tacoma,*

*ante,* p. 109 (62 Pac. 444), recently determined. In the trial in the superior court, the evidence adduced by appellant, which is uncontradicted by the respondent, showed that the reassessment was made according to the benefits, and that each particular parcel of property was specially benefited beyond the tax levied by the assessment.

3. The statute of limitations is pleaded by respondent. It is claimed that more than two years had elapsed since the accrual of the cause of action for the amount due for making the improvement, but the statute only begins to run from the time a valid assessment is made. The original assessment was adjudicated invalid, on the 6th day of January, 1893, the reassessment statute was enacted on the 9th day of March, 1893, and the reassessment proceedings commenced on the 18th day of July, 1893. *State ex rel. Hemen v. Ballard,* 16 Wash. 418 (47 Pac. 970); *Bowman v. Colfax,* 17 Wash. 344 (49 Pac. 551).

The cause is reversed and remanded, with directions to enter judgment for the defendant confirming the reassessment.

DUNBAR, C. J., and FULLERTON and ANDERS, JJ., concur.