[No. 7099.   Decided December 12, 1907.]

STANLEY E. DEAN, *Appellant*, v. THE CITY OF WALLA WALLA *et al.*, *Respondents.*[1]

MUNICIPAL CORPORATIONS—INDEBTEDNESS—LIMIT. Bonds payable out of the revenues of a water system do not constitute part of the general municipal indebtedness, to be considered in determining its debt limit.

SAME—ADDITIONAL INDEBTEDNESS—COMPUTATION. Bonds issued for the purchase of water works, payable out of the city's general fund, may be considered as part of the five per cent additional indebtedness allowed by the constitution for water, light, and sewer purposes, although the city had not reached its five per cent limit for general indebtedness.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered November 21, 1907, dis-

[1]Reported in 92 Pac. 895.

missing an action to enjoin the issuance of municipal bonds. Affirmed.

*Dunphy, Evans & Garrecht*, for appellant.

*Oscar Cain* and *J. C. Hurspool*, for respondents.

Root, J.——The city of Walla Walla authorized the issuance of municipal bonds in the sum of $100,000, for the purpose of erecting a city hall and fire station. The plaintiff instituted this proceeding to enjoin the issuance of said bonds upon the ground that the city was indebted in a sum in excess of five per cent of the taxable property, as shown by the last municipal assessment. From a judgment of dismissal, plaintiff appeals.

The record presents two questions. It appears that the city has outstanding certain bonds that are made payable out of the revenues of the water system. Appellant contends that the amount of these bonds should be taken into consideration in determining whether or not the general indebtedness exceeds the five per cent limitation prescribed by § 6, art. 8, of the state constitution. Respondents maintain that these bonds do not constitute a part of the general indebtedness of the municipality. We think this contention must be upheld under the authority of former decisions of this court. *Winston v. Spokane*, 12 Wash. 524, 41 Pac. 888; *Kenyon v. Spokane*, 17 Wash. 57, 48 Pac. 783; *Faulkner v. Seattle*, 19 Wash. 320, 53 Pac. 365; *Baker v. Seattle*, 2 Wash. 576, 27 Pac. 462; *Fogg v. Hoquiam*, 23 Wash. 340, 63 Pac. 234; *German-American Sav. Bank v. Spokane*, 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259; *State ex rel. Attorney General v. McGraw*, 13 Wash. 311, 43 Pac. 176.

Another contention of appellant is that bonds in the sum of $133,000, heretofore issued for the purchase of water works and payable out of the general fund, must be considered as a part of the indebtedness for general municipal purposes and not as a portion of the five per cent additional indebtedness al-

lowed by the constitution for water, light, and sewer purposes—that the city could only incur obligations to be deemed a portion of the five per cent additional indebtedness, after it had reached the five per cent limit of general indebtedness. The former holdings of this court have pronounced against this contention. *Austin v. Seattle,* 2 Wash. 667, 27 Pac. 557; *Petros v. Vancouver,* 13 Wash. 423, 43 Pac. 361.

Under the view we entertain of the outstanding bonds mentioned, the indebtedness of the city would permit the issuance of the bonds now sought to be enjoined without exceeding the constitutional limitation. We perceive no reason why they may not be legally issued. The judgment of the superior court is therefore affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, MOUNT, CROW, and DUNBAR, JJ., concur.