WILLIAM LILL, Appellant, *v.* THE CITY OF CHICAGO, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

All assessments in the city of Chicago for paving streets, must be levied in proportion to the number of feet of each lot adjoining the street. If made on any other property or by any different rule, it cannot be sustained.

No matter how unjust an assessment may be, if made conformable to the charter, and is confirmed, the appeal can only be taken as limited by the charter; but

where an assessment is not so made, and it does not appear that the property assessed abuts upon the street, there is a want of jurisdiction, and the council cannot confirm.

THIS is an appeal from a judgment upon a special assessment warrant, for macadamizing Wells street from the north line of Kinzie street to the Green Bay road, dated the 8th day of October, 1861.

The application for judgment was duly made by the city collector, at the February term of the Superior Court, and his report duly verified, shows that he received said special warrant on the day of its date, and made due publication and gave the requisite notices, and that the annexed is a schedule of the lands, lots and parcels of lands on which the assessments are not paid, and that the amounts of said assessments thereon, respectively, are correctly stated therein, and praying judgment, etc.:

CANAL TRUSTEES' SUB-DIVISION OF PART OF SEC. 33, T. 40, 14 E.

| NAMES. | PART OF LOT OR LAND. | SUB-LOT. | LOT. | BLOCK. | Valuation. Dolls. | Amount of Assessment $ | C. | Damage. $ | C. | Costs. Cts. | Amount of Judgment. $ | C. | To whom sold. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| J. Millman, | ... | .. | .. | 45 | 2500 | 204 | 40 | 3 | 46 | 16 | 208 | 02 | .. |
| " | ... | .. | .. | 46 | 700 | 219 | 00 | 3 | 72 | 16 | 222 | 88 | .. |
| Wm. Lill, | ... | .. | .. | 47 | 700 | 180 | 67 | 3 | 06 | 16 | 183 | 89 | .. |

Objections to said application for judgment were made by the appellant, William Lill, as the owner of block 47 in the Canal Trustees' Sub-Division of part of Sec. 33, T. 40 N., 14 east, and also by Frederick H. Winston, as the owner of another lot. Said court, on the 4th February, 1862, rendered judgment against all the delinquent lands, except those of said Lill and said Winston; and on the 5th February, 1862, after hearing the allegations and proofs in regard to said block 47, and the objections of said Lill, rendered judgment against said block 47, for the sum of money annexed to the same, and

for the amount of damages prescribed by law, and costs, which said sums are extended and particularly specified in the foregoing list, and ordered that same be sold, etc.

And thereupon, on the same day, the said William Lill, as owner of said block 47, prayed an appeal to the Supreme Court, which was granted.

The objections which had been specifically interposed by said Lill, in defense, were as follows :

That the assessment was neither made nor confirmed in due form of law.

That said block was assessed knowingly and fraudulently upon a valuation of from two to three times the real value thereof at the time of making said assessment.

That the amount assessed upon said block 47, and for which judgment is asked, is more than twenty-five per cent. of the actual valuation of said block, as appears by the assessment roll and warrant.

Said assessment and warrant are illegal and void.

BURNHAM & MARTIN, for Appellant.

The assessment does not appear to have been levied upon the lots and lands abutting the improvement, in proportion to the number of front feet bounding the improvement, as required by section 17 of the act of February 18, 1861, amendatory of the city charter.

Thus the assessment was not only not made upon the lots abutting, in proportion to the number of front feet, but the record shows it was made on another principle or basis—that of benefits.

The case in *McAuley* v. *The City of Chicago*, 22 Ill. 563, has no bearing upon the case at bar. The court there say, the law raises a presumption in favor of the regularity of the proceedings levying the assessment, by requiring the court to render a judgment upon the report of the collector, which is not required to state any of them. But when these proceedings are put in the case, in defense, they must, by all the cases, appear to have been regular and sufficient, or judgment should not be given against the lands.

The Maryland Court of Appeals say, "When a special limited jurisdiction is conferred by act of Assembly upon any tribunal, its power to act, as it has done, must appear upon the face of its proceedings, and when those proceedings are brought up for review in this court, it must appear from their inspection that everything has been done which the law required as the basis of the authority which has been exercised." *Boarman* v. *Israel et al.,* 1 Gill. 381. This was a proceeding *in rem.*

The assessment was void, being in violation of the 2nd section of chapter 7, of the city charter, act of February 14, 1851, providing that assessments of this class "shall not exceed three per cent. per annum on the property assessed." This assessment was $180.67, on a valuation of $700, more than 25 per cent. *Morrison* v. *City of Chicago,* 22 Ill. 573.

It is claimed by appellee, that the appellant had no right to be heard to defend in the Supreme Court. It is sufficient to say that appeal was given under the former act as well as under this ; that the law of 1857 sent the city to the court for judgment *in rem,* in special cases as well as general taxes, and that this act of 1861, provides that, "The payment of such special assessment may be enforced by said city, at the same time and in the same manner as is now provided by law for the collection of the general tax levied on said city." *Pease* v. *City of Chicago,* 21 Ill. 500 ; also, *City of Chicago* v. *Burtice,* 24 Ill. 489.

B. F. Ayer, for Appellee.

The case shows that no objections were made by the appellant to the confirmation of the assessment ; nor was any appeal taken.

We insist, therefore, that by the express terms of the statute, (section 26,) he is precluded from interposing these objections to the application for judgment.

The act provides that the assessment, when confirmed by the Common Council, "shall be final and conclusive to all parties interested therein," unless an appeal is taken.

The object of this provision undoubtedly was to compel

parties to make their objections seasonably, and thus enable the Common Council to correct any errors or mistakes that might have been made by the commissioners, before any warrant should be. issued ; and in this view, the provision must be regarded as both reasonable and judicious.

The cases of *Pease* v. *Chicago*, 21 Ill. 50,0, and *Chicago* v. *Burtice*, 24 Ill. 489, do not conflict with the view here contended for. The decision, in those cases, is put upon the ground that the act of 1857, in amendment of the city charter, allowing a defense in a case like the present, superseded the original provision in the charter of 1851, which was similar in effect to this clause, of the act of 1861, now under discussion.

See also, *Ottawa* v. *Chicago and Rock Island R. R. Co.*, 25 Ill. 43.

It is wholly immaterial, so far as the legality of the present assessment is concerned, whether it is less than three or exceeds twenty-five per cent. of the value of the property assessed.

By section 26, of the Act of 1861, the Board of Public Works are required, after an improvement is ordered by the Common Council, to "proceed to make an assessment of the benefits and the damages, costs and expenses of the doing of such work." There is no restriction as to the amount. They are to assess the "costs and expenses," and not a part of them. Besides, by the 46th section of the act, they are expressly authorized to assess the property benefited, "to an amount sufficient to cover the expense of such improvement."

The charter of 1851 did contain a restrictive clause, and it is insisted by the appellants, that this clause is still in force.

This section is entirely superseded by the Act of 1861. A different plan of assessment is provided by the new law. Under the old law, the expenses were to be assessed upon the property "in any natural division benefited thereby," and were not confined to the real estate abutting upon the contemplated improvement, as is the case under the present act. The restriction in the old law is added to the section, in the shape of a proviso, and the whole is clearly repugnant to the provisions of the law now in force.

As a substitute for this restriction, the legislature have enacted that no improvement, to be paid for by a special assessment, shall be ordered by the Common Council, unless it is asked for by the petition of the owners of three-fourths of the property to be assessed, or the same shall be directed by the votes of three-fourths of all the aldermen elected, such vote to be entered, by ayes and noes, on the records of the Common Council.

Again, it is manifest that the whole subject of special assessments has been revised by the Act of 1861, and a new system thereby substituted for the old. A subsequent statute of this character operates as a repeal of the former, although it contains no words to that effect. *Ill. & Mich. Canal* v. *Chicago*, 14 Ill. 334; *Plank Road Co.* v. *Allen*, 16 Barb. 15.

Although it does not appear from the return made by the Board of Public Works upon the assessment roll, in express terms, that the assessment was made upon the lots abutting on the improvement, in proportion to the number of their front feet, yet this does appear with sufficient certainty.

The return (adopting in this the phraseology of the statute) sets forth, that the commissioners had assessed the respective amounts set opposite to each lot or parcel of ground, in the appropriate column, " as the damages and benefits resulting to such lots or parcels of ground respectively, by reason of the doing of such work, and the making of such contemplated improvement."

In the absence of any evidence to the contrary, we are bound to presume that the commissioners, who are public officers, have pursued the course pointed out by the statute. The law raises a presumption in favor of the regularity of the proceeding, which must be rebutted, by showing affirmatively that something was omitted or improperly done, if it is to be defeated. *Ballance* v. *Underhill*, 3 Scam. 453; *McAuley* v. *Chicago*, 22 Ill. 563.

WALKER, J. It is urged, as grounds of reversal, that it fails to appear that the assessment was levied upon the lots of ground abutting upon the line of improvement. And the levy, as made, was not in proportion to the number of front

feet, as required by the seventh section of the act amending the city charter. The assessment, returned to the common council by the commissioners, shows a valuation and gross assessment of benefits on the different lots, and it nowhere states that it is in proportion to the number of feet of any of the lots fronting the improvement. The number of front feet of the various lots is not given, nor is it stated that they adjoin or abut on the street proposed to be improved. That section has limited the cost of this character of improvement to the adjoining lots, and requires it to be levied in proportion to the number of front feet of each adjoining lot. This act is the only warrant for the action of the commissioners, and in making an assessment they must conform to its requirements. It has provided that the assessment shall be made upon the lots which adjoin the street to be improved, and in proportion to the number of front feet of the lot. If made on other property, or on a different rule, it cannot be sustained, as the exercise of the power must strictly pursue the statutory authority. *Rex* v. *Creek*, 1 Cowp. 30; *City of Chicago* v. *Rock Island R. R. Co.*, 20 Ill. 290. And it must appear, from the proceeding itself, to be sustained.

It appears from the assessment roll, that each owner was charged with the amount of benefits he would receive by reason of the improvement. Although the property seems to have been valued, the assessment seems to have no reference to valuation, but only proceeds upon the basis of benefits derived from the improvement.

It is urged, however, that by the twenty-sixth section of the act, the confirmation of the report of the commissioners shall be final and conclusive, except as therein provided. The act allows an appeal from the order of confirmation, and prescribes the questions which shall be tried upon the hearing of the appeal. If, in this case, it had appeared that the valuation had been made on the front feet of adjoining lots to the street to be improved, no matter how unjust it might have been, the order confirming the report would have been conclusive, unless upon an appeal, prosecuted in the mode prescribed. But until the common council has acquired jurisdic-

tion of the subject-matter, any order they might make would not be conclusive on any person. To acquire such a jurisdiction, it was necessary that the required notices should be given, and the commissioners proceed, in the mode prescribed by the statute, to make the assessment.

There can be no pretense that the commissioners had any jurisdiction to subject any property to this burthen, but such as abutted upon the street proposed to be improved. If such an attempt was made, it was unauthorized by the statute, to the same extent as if it had been situated beyond the limits of the city. They were only authorized to act upon adjoining property. And as the proceeding fails to show that this was property abutting upon the street proposed to be improved, their jurisdiction does not appear. And the council were as powerless to confirm as they were to assess upon property remote .from the improvement. This assessment, then, does not appear to have been authorized; and this objection was well taken, to prevent an order for its sale, to enforce this levy. And the judgment of the court below is reversed.

. *Judgment reversed.*