## Smith & Funk v. Osburn et al.

1. **Taxation:** EXEMPT PROPERTY: EQUITABLE JURISDICTION. A court of equity has jurisdiction to restrain the collection of taxes levied upon property which is exempt from taxation.

2. —— : —— : PRINTER'S TOOLS. A printer is a mechanic, within the meaning of the term as used in section 797 of the Code, and his press, materials, etc., not exceeding three hundred dollars in value, constitute his tools, and as such are exempt from taxation.

*Appeal from Dickinson Circuit Court.*

FRIDAY, APRIL 23.

ACTION in equity to restrain the defendant, who is treasurer of Dickinson county, from collecting certain taxes assessed and levied against the defendants. It is averred in the petition that the taxes were levied upon a printing press, type, cases, imposing stone, and other tools and implements used by plaintiffs in their trade or business as printers, and by the use of which they obtained a livelihood. The property in question was assessed at $300, and it is averred that the aggregate value thereof did not exceed $300 for each of the

plaintiffs.    There was a demurrer to the petition, which was
sustained.    Plaintiffs appeal.

*Orson Rice* and *Wm. H. Bailey*, for appellants.

*J. W. Corey*, for appellees.

ROTHROCK, J.—I.    The amount in controversy is less than
$100.  The demurrer contained a number of grounds therefor,

1. TAXATION: among which it was claimed that the assessment
exempt prop-
erty: equita- in question was erroneous and not illegal and that
ble jurisdic-
tion.           no application was made to the board of equali-
zation for a correction thereof.

It has uniformly been held by this court that where the
assessment was merely irregular or erroneous equity will not
interfere to correct the same, but that application must be
made to the board of equalization.    *Macklot v. Davenport*,
17 Iowa, 379, and other cases.    But where a tax is imposed
under an unconstitutional law, or levied without authority of
law upon property exempt from taxation, the same cases hold
that the jurisdiction of the board of equalization is not ex-
clusive.    It is claimed that the property described in the pe-
tition is under the law exempt from taxation.    If this posi-
tion be correct, as the petition avers grounds for equitable
relief, the action may be maintained.    This we deem a suffi-
cient answer to the argument of appellee upon this question,
and the effect thereof is to overrule the motion to dismiss the
appeal, although the ruling on the demurrer sustained the
same generally.    That the demurrer was in fact sustained on
but one ground appears from the fact that the court below
certified but the one question upon which the opinion of this
court is sought.

II.    The question certified by the court is this:  "Whether
the provisions of section 797· of the Code apply

2. —: —: to printers, and whether the utensils, implements,
printers'
tools.          etc., used by printers are mechanics' tools within
the meaning of said section."

That part of the section applicable to the question provides that " The farming utensils of any person who makes his livelihood by farming, and the tools of any mechanic, not in either case to exceed three hundred dollars in value," are exempt from taxation.

The petition avers that the plaintiffs are printers, and that as such they are mechanics. That the art of printing is a mechanical trade, and that a printer is a mechanic, it seems to us can admit of no question. We believe it is usually recognized as such. Webster defines the word mechanic as "one who works with machines or instruments: a person whose occupation is to construct machines or goods, wares, instruments, furniture and the like: one skilled in a mechanical occupation or art."

We think that the term tools may properly include the press, types, imposing stones, and other implements necessary for a printer to carry on his business. That the statute did not contemplate that the costly machinery now in use in large printing establishments, such as power presses operated by steam, should be exempt, is evident from the fact that the limit of exemption is fixed at $300. But that the ordinary hand press of a printer should be included in making up the amount of the exemption, is just as evident as that the hand-loom of a weaver, the bellows of a blacksmith, or the work-bench of a carpenter, should be held to be exempt under the statute.

We think the demurrer should have been overruled.

REVERSED.