## HEINTZ ,v. COOPER.

### S. F. No. 479; December 31, 1896.

#### 47 Pac. 360.

**Trial.—A Finding, "That the Matters and Facts Alleged in defendant's** special defense and cross-complaint on file herein, except the allegations of plaintiff's employment, and agreements under such employment, are untrue in substance and in fact," supports a judgment for plaintiff, where the answer and cross-complaint both allege that defendant employed plaintiff as a physician and surgeon, for a reward, and that plaintiff undertook the service, whereby defendant was damaged by plaintiff's negligence and incompetency.

**Physician.—Where Plaintiff Sues for Services as Physician,** and defendant, by a cross-complaint, seeks damages for alleged negligent treatment, and plaintiff, in answer, alleges that defendant's suffering was aggravated by his own negligence and failure to follow plaintiff's directions, a finding that all the facts alleged in the cross-complaint, except that of plaintiff's employment, "are untrue," renders the issue of defendant's negligence immaterial, and a finding as to it is not required.

**Physician—Compensation.—In Determining What is a Reasonable** compensation for surgical and medical services in a given case, the skill and learning of the operator and the character and circumstances of the subject to which he devotes his services must be considered, and the rule that compensation is determined by "the usual price at the time and place of performance" does not necessarily apply.

**Evidence.—Possible Error in the Exclusion of Evidence,** on an issue which could not have affected the judgment, is harmless.

**Physician—Malpractice.—Before a Witness can Testify** on the issue of a physician's neglect and unskillful practice, his competency must be shown.

APPEAL from Superior Court, Monterey County; N. A. Dorn, Judge.

Action by J. P. E. Heintz against J. B. H. Cooper. From a judgment in favor of plaintiff and an order denying a new trial defendant appeals. Affirmed.

S. F. Geil and John J. Wyatt for appellant; W. A. Kearney for respondent.

HAYNES, C.—This action is prosecuted to recover for services rendered by the plaintiff as a physician and surgeon. The complaint contains two counts—the first upon an account stated, amounting to $1,200, and admitting a payment thereon of $500; and the second count alleged said services to be reasonably worth $2,500, the whole of which remained unpaid except the sum of $500. The defendant denied all the allegations of the complaint, and for a second defense alleged negligence, incompetency and unskillfulness on the part of the plaintiff, whereby he was made sick, and kept from attending to his business, for more than six months, and compelled to pay $1,000 for nursing and medical attendance, and "is permanently a cripple, to his damage in the sum of $3,000." The same allegations are stated in a cross-complaint, in which defendant seeks to recover damages in the sum of $4,000, and to which cross-complaint the plaintiff filed an answer. The cause was tried by the court without a jury. The findings were against the plaintiff upon the first cause of action. Upon the second cause of action the court found the reasonable value of plaintiff's services to have been $750, of which sum $500 had been paid. As to the special defense and counterclaim pleaded by the defendant, the court found against him. A judgment in favor of the plaintiff for $250 was entered, and defendant appeals therefrom, and from an order denying a new trial.

1. It is contended that the findings do not support the judgment. This contention is based upon the fourth finding, which is as follows: "That the matters and facts alleged in the defendant's special defense and cross-complaint, on file herein, except the allegations of plaintiff's employment and agreements under such employment, are untrue in substance and in fact, and offered only as a bare pretense, without any justification or excuse whatever." The answer and cross-complaint both alleged that defendant employed the plaintiff as a physician and surgeon, for a reward, to set

his leg, and dress and heal the same, and that plaintiff under-
took to set and dress said leg for said defendant, and then
proceeds to allege negligence, want of skill, etc., and damages
resulting therefrom. Findings by reference to the pleadings,
or parts thereof, have been frequently criticised by this court,
and where such findings involve uncertainty as to what facts
are found they are uniformly held insufficient; but where
"they do show what facts are found, and there is no uncer-
tainty about them," they are sustained: Davis v. Drew, 58
Cal. 157. The finding here in question is clear and certain,
and, though the mode "is not to be commended," justice
must not be sacrificed to form.

Appellant's contention that a portion of plaintiff's an-
swer to the cross-complaint consisted of an allegation of new
matter, and which is presumed to be controverted, raised a
distinct issue upon which there is no finding, cannot be sus-
tained as a ground for reversal. The finding that all the
facts in the cross-complaint alleged, except, etc., "are un-
true," covered all the allegations in the cross-complaint to
which the alleged new matter applied; and such finding;
which cut up by the roots the allegation that he suffered
great pain in consequence of plaintiff's negligence and incom-
petency, rendered it wholly immaterial whether the defend-
ant's "pain was caused or increased by his own negligence
and his failure to observe plaintiff's directions," as alleged
in the answer to the cross-complaint. A finding either way
upon the question of defendant's negligence could not affect
the result, and in such case the fact becomes immaterial, and
no finding is required.

2. It is further contended that the evidence is insufficient
to support the finding that the plaintiff's services were rea-
sonably worth $750, or any greater sum than $500, which had
been paid. The injury to the defendant, treated by the
plaintiff, consisted of a compound fracture of the leg and a
dislocation of the ankle joint. Both the bones were broken
and protruded through the flesh, and six or seven pieces of
the bone were removed. Plaintiff's services commenced July
12th, and continued until the 13th of the following October,
during which time, the plaintiff testified, he made about two
hundred visits, and about seventy of these were for the pur-
pose of dressing the wound. The testimony on the part of
the plaintiff was that for visits when the wound was dressed

five dollars to ten dollars per visit was a reasonable charge, and for other visits two dollars and fifty cents each, and for reducing a compound fracture of the leg $250 to $500 is a reasonable compensation. This evidence would have justified the court in finding in favor of the plaintiff in a much larger sum. On the part of the defendant the medical testimony was that $500 was a reasonable compensation for all services rendered by the plaintiff, though the testimony on behalf of the plaintiff as to a reasonable compensation for visits and for dressing the wound was not controverted. It appeared, however, that in no case in Monterey county within the knowledge of the medical witnesses had so large fees, in the aggregate, been paid in cases of compound fracture, though in none of the instances mentioned was the character of the fracture or the number of visits stated; and it is now contended, on behalf of appellant, that the prices so paid in those other cases in that county determine what is a reasonable compensation for plaintiff's services in this case, or, as counsel state it, "the usual price at the time and place of performance is the rule." The cases cited in support of this proposition relate to ordinary services, as to which there is a reasonably uniform established rate of compensation, and not to professional services, where the skill and learning of the person, as well as the almost infinite variety in the character and circumstances of the subject upon which he devotes his services, precludes the establishment of any fixed rate of compensation which could be applied to more than a very restricted class of cases and the more common class of services. Besides, defendant's witnesses testified that no medical society existed in Monterey county and no fee bill or scale of charges had been fixed, but each charged according to his ideas of what was proper.

3. During the examination of the defendant, as a witness in his own behalf, he testified that he had sustained damage by reason of the plaintiff's incompetent and unskillful treatment. His counsel then asked: "What did those damages consist of?" An objection to this question was sustained. Whether there was error in this ruling need not be considered; for, whatever may have been the suffering the plaintiff endured, or whatever his crippled condition, or whatever may have been the expense to which he was put, unless such suffering, condition and expense were caused by or resulted from

the incompetency, negligence or unskillfulness of the plaintiff, no recovery could be had by the defendant therefor; and, as the court found, upon sufficient evidence, that all the allegations of the defendant's answer and cross-complaint in that behalf were untrue, a rehearsal of those matters could not have changed the result, and the error, if it was error, did not prejudice the defendant, and therefore constitutes no ground for a reversal. If, on the other hand, the question was put for the purpose of proving the incompetency or negligence of the plaintiff, the witness was not shown to be competent to testify upon that subject, and upon that ground the ruling was right. The judgment and order appealed from should be affirmed.

We concur: Searls, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.