[No. 2715.  Decided December 4, 1897.]

CITY OF NEW WHATCOM, *Respondent,* v. BELLINGHAM
BAY IMPROVEMENT COMPANY, *Appellant.*

ASSESSMENT FOR STREET IMPROVEMENT — WAIVER OF OBJECTIONS.

In an action to foreclose a street assessment lien, defendant
can not dispute the validity of the assessment, when he has had
full notice of the levy and an opportunity to file his objections
thereto with the city council, which by statute is vested with
ample power and authority to make corrections therein and its
decision authorized as a final determination of the regularity,
validity and correctness of the assessment.

Appeal from Superior Court, Whatcom County. — Hon.
H. E. HADLEY, Judge.  Affirmed.

*Newman & Howard,* for appellant.

*T. E. Cade,* and *D. W. Freeman,* for respondent.

The opinion of the court was delivered by

GORDON, J. — This action was brought to foreclose a street
assessment lien levied upon appellant's property in the city
of New Whatcom, pursuant to the provisions of the act of
1893 (Session Laws, p. 226, Bal. Code, §§1139-1149) pro-
viding for the re-assessment of costs of local improvements in
cities and towns.  At the trial below the respondent intro-
duced a certified copy of the assessment roll accompanied
by a certificate of the clerk, the report of the committee,
the warrant of collection and the treasurer's return, and
rested.

The defendant thereupon offered in evidence what was
agreed by counsel for both parties to be a correct tracing
or plat of that portion of the town included within the as-
sessment district, showing the relative position of the

streets, lots and blocks, also a copy of ordinance No. 340, "providing for a new assesment or reassessment," etc.

Upon objection by the respondent, and the statement of counsel for appellant they did not intend or expect to offer any evidence showing fraud on the part of the city council in any matter pertaining to the assessment, the court excluded the evidence and rendered a decree foreclosing respondent's lien, and the defendant thereupon appealed.

It is contended by appellant that the map and ordinance referred to show that lots 13 and 14 of block 95 (neither of which is owned by it) are within the assessment district, and that the same should have borne their proportionate share of the expense of the improvement; while respondent asserts that they are not within the assessment district. It is also contended by appellant that lots 13, 14 and 15 of block 22, owned by appellant, and against which the lien is sought to be enforced, are not within the assessment district. It is conceded that notice of the filing of the assessment roll and of the time fixed by the council for hearing and considering objections to the assessment, as provided by section 4 of the act of 1893, *supra* (Bal. Code, §1142), was duly given, also that the appellant did' not file any objections to said assessment nor appear before the council at the time fixed for considering the same. Section 5 of the act (Bal. Code, §1143) authorizes the council to revise, correct, or set aside such reassessment and to order an assessment *de novo*; it also provides that "their decision and order shall be a final determination of the regularity, *validity and correctness* of said re-assessment, to the amount thereof, levied on each lot or parcel of land." Assuming that the claims of appellant are well founded in fact, the section just referred to gives the council ample power and authority to make the correction, or order a new assessment if necessary, and it must be presumed that they would have done so

if the error had been pointed out. *New Whatcom v. Bell-ingham Bay Imp. Co.*, 16 Wash. 131 (47 Pac. 236); Welty, Assessments, §312. The statute gives them jurisdiction of the subject matter with full power to correct mistakes, and to do full and ample justice in the premises, and the appellant had abundant notice of their proceedings. But the ruling complained of was, at most, harmless error merely. From an examination of the plat offered in evidence by appellant it appears to us that lots 13, 14 and 15 of block 22 are within the assessment district described in sections 1 and 2 of ordinance No. 340, and it also further appears that lots 13 and 14, block 95, are in that portion of the block which is cut off from Willow street by an alley extending through the block, that the portion of the block so cut off does not front or abut on Willow street, and that the lots referred to are not within the limits of the assessment district created by said ordinance.

The decree is affirmed.

Scott, C. J., and Anders, Reavis and Dunbar, JJ., concur.