[No. 3488.   Decided October 6, 1900.]

ANNIE WRIGHT SEMINARY, *Respondent,* v. CITY OF TACOMA, *Appellant.*

ASSESSMENT FOR STREET IMPROVEMENT—VALIDITY—ESTOPPEL OF PROPERTY OWNER.

In an action involving the validity of an assessment for a. street improvement, the property owner is estopped to raise the· objection that the assessment was not restricted to the benefits· received, when, after notice of the levy and an opportunity to· object, he failed to urge such objection before the city council. prior to its confirmation of the assessment.

SAME—ILLEGAL CHARGES—TENDER OF PROPER AMOUNT DUE.

In an action to enjoin the collection of an assessment for a street improvement, plaintiff is not entitled to judgment from. the fact that interest and penalties were illegally charged against the property, when he has made no offer to pay that portion. of the assessment properly chargeable against him.

Appeal from Superior Court, Pierce County.—Hon.. JAMES A. WILLIAMSON, Judge.   Reversed.

*W. H. Pritchard* and *Walter M. Harvey,* for appellant.
*J. W. A. Nichols,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Respondent seeks to set aside a re-assessment levied by the city of Tacoma against its property for· the improvement of South Eighth street between Tacoma avenue and G street. In 1892 the city caused South Eighth street, from Tacoma avenue to G street, to be· improved by grading the same to the established grade and

by building and laying sidewalks on both sides thereof. In June, 1892, an attempt was made by the city to levy an assessment upon, and charge and assess the cost and expense of such improvement upon, the lots, blocks and parcels of land along South Eighth street, which were adjoining and proximate to the improvement, and among other property so assessed were included the lots owned by the respondent. The cost and value of the improvement were admitted. In March, 1895, the original assessment was, by decisions of the superior court of Pierce county, declared void and annulled. In April, 1897, the city council proceeded to make a re-assessment upon the property included within the improvement district in accordance with the re-assessment law of March 9, 1893 (Laws, 1893, p. 226). For the purpose of re-assessment an ordinance (No. 1177) was adopted by the city of Tacoma, entitled:

"An ordinance ordering and making a new assessment, or re-assessment, upon the lots, blocks and parcels of land which are adjoining, contiguous and proximate to, and which have been and are benefited by the improvement of South Eighth street from Tacoma avenue to G street, to the extent of their proportionate part of the cost and value thereof, in accordance with the act of the legislature of the state of Washington, entitled, 'An act relating to and authorizing the collection of assessments for local improvements by a new assessment, or re-assessment, of the cost and expense of making the same in cities and towns and declaring an emergency,' approved March 9, 1893."

Which ordinance was duly and regularly published as required by the city charter. After the adoption of this ordinance, and in accordance with its directions, the commissioner of public works of the city of Tacoma, as the proper officer, made out the re-assessment roll as directed by the ordinance, and charged the respective lots, blocks and parcels of land in the amounts set opposite each tract

in the column marked "Amount of the re-assessment" in the roll. Such roll was duly filed as directed by the ordinance, together with the commissioner's certificate, substantially that he charged the lots, blocks and parcels of land included within the assessment district to the extent of their proportionate part of the expense thereof, and in an equitable manner with reference to the benefits received; that he examined the property to determine how much each separate tract was benefited thereby; that he found that each of the lots, pieces and parcels of land described in the re-assessment roll was benefited equitably by the improvement in the amount set opposite each tract in the within roll, and that the cost of the improvement was equitably apportioned to the property therein described according to the benefits received by each lot from the improvement. And thereafter the city clerk regularly gave notice that said re-assessment roll was on file in his office, of the date of filing the same, and that on the 24th day of June, 1897, which was more than ten days from the giving of such notice, the city council would hear and consider objections to the same. The respondent did not, within ten days, or at any time, after the last publication of the notice, make or file with the clerk of the city any objection in writing or otherwise to such re-assessment, and, no objections having been made thereto, the city council, about the 1st day of May, 1897, by ordinance No. 1210, entitled, "An ordinance approving and confirming the re-assessment roll for the cost of the improvement by grading and building sidewalks on South Eighth street from Tacoma avenue to G street, and approving and confirming the levy and charge of the cost of such improvement upon said street upon the adjoining, contiguous and proximate lots, blocks and parcels of land, pursuant to ordinance No. 1177," duly confirmed

and approved said re-assessment; and thereafter a warrant was issued to the city treasurer for the collection of the re-assessment, and the city treasurer advertised respondent's property for sale, and on October 22d sold respondent's property for the amount of the re-assessment, together with a charge of a dollar against plaintiff's lots as a fee for issuing the certificates of sale. The defendant became the purchaser at such sale. A careful examination of the record here shows the facts as above stated.

The complaint alleged that the re-assessment made by the city was not limited to the benefits conferred by the improvement upon the property of respondent, and that such re-assessment was void, in violation of § 16, art. 1, of the constitution of the state, and in violation of the fourteenth amendment to the constitution of the United States. The appellant city, answering the complaint, set up the entire record of the re-assessment and claimed an estoppel against the respondent, upon the issues raised in this suit, of the proceedings upon re-assessment, including the question of benefits or damages to the property improved. The superior court in effect overruled the plea of estoppel and received evidence under the allegations of the complaint to determine whether the property of the respondent was in fact damaged by such improvement to a greater amount than it was benefited; and it was found as a fact from such evidence that respondent's property was greatly damaged by the improvement made by the city, and that it was in no wise benefited. The court also further found that the city charter provided for an assessment for such local improvements against adjoining lots by the lineal foot, and not with reference to benefits received from the improvement, and that the assessor in fact made his assessment without reference to the benefits and under the charter, and judgment was given against

appellant setting aside the sale and also the re-assessment levied. Objection was made by appellant to the evidence adduced on the question of benefits and damages and the acts of the assessor in making up the re-assessment roll; and error, predicated upon the reception of such evidence, together with the overruling of the plea of estoppel, is assigned.

It is apparent from the ordinances and record of the re-assessment presented by appellant that the re-assessment was made under the law of 1893, supra. The assessment roll and the certificate of the assessor appear with due and formal regularity. The notice required by the statute, of the filing of the assessment roll, was duly given. Respondent made no objection in any form before the city council to the confirmation of the assessment. Upon the face of the record, every requirement of the law was carried out in the re-assessment, and the question is again presented here whether respondent can now, for the first time, in a suit in equity, set aside such a re-assessment. In *New Whatcom v. Bellingham Bay Improvement Co.*, 16 Wash. 131 (47 Pac. 236), it was adjudged that the fact that an assessment was not legally levied as respected benefits charged cannot be urged against foreclosure of the lien when objections had not been urged at the time of making the assessment. It was also observed that § 5 of the law of 1893, supra, contained the controlling idea that the assessment must be according to benefits. In *New Whatcom v. Bellingham Bay Improvement Co.*, 18 Wash. 181 (47 Pac. 360) it was said with reference to the statute conferring jurisdiction upon the council:

"The statute gives them jurisdiction of the subject matter with full power to correct mistakes, and to do full and ample justice in the premises, and the appellant had abundant notice of their proceedings."

And thus, when he had full notice of the levy and an opportunity to file his objections thereto with the city council, he could not, in an action to foreclose the street assessment lien, dispute the validity of the assessment. Again, in *Heath v. McCrea,* 20 Wash. 342 (55 Pac. 432) it was observed:

"  *  *  *  *   the fact that an assessment was not legally levied as respects benefits charged could not be urged in a foreclosure proceeding when objection had not been urged at the time of making the assessment. This proposition has so often been decided by this court that it seems unnecessary to discuss it here."

In *Bellingham Bay Improvement Co. v. New Whatcom,* 20 Wash. 53 (54 Pac. 774) the authority of the council to determine the regularity of the re-assessment finally where the appeal from its decision to the superior court is regularly authorized was affirmed. Section 8 of the act of 1893, supra, provides that any person who has filed objections to the re-assessment shall have the right to appeal to the superior court, and that such appeal shall be tried in said court as in the case of equitable causes; and the judgment of the court shall either confirm, modify, or annul the assessment in so far as the same affects the property of the appellant, from which judgment an appeal shall lie to the supreme court as in other causes. The statute relating to re-assessments is complete. The city council has jurisdiction to determine the question of benefits, as well as the regularity and validity of the assessment; and, where the proceedings are regular and due notice given, the confirmation of the assessment by the council is final. This principle, as will be observed from the cases cited, has been uniformly affirmed by this court. The respondent had full opportunity to present all the questions raised by its bill of complaint before the city council. It should have done so. It cannot now, in a

·collateral proceeding, have them re-examined and re-adjudicated. The plea of estoppel tendered by the city against the re-examination of the questions in controversy in the suit here should have been sustained. With reference to the questions of rate of interest and the one dollar charge for each certificate issued, it may be observed, as in *Heath v. McCrea, supra,* "in any event, no proper offer of payment has been made by the respondent to entitle it to a reversal in this respect."

The judgment of the superior court is reversed, with direction to enter judgment in favor of defendant, the appellant.

DUNBAR, C. J., and FULLERTON, J., concur.