[No. 3818.   Decided April 13, 1901.]

CHARLES MCNAMEE, *Respondent,* v. CITY OF TACOMA, *Appellant.*

| | |
|---|---|
| 24 | 591 |
| 25 | 213 |
| 24 | 591 |
| f 31 | 163 |
| 24 | 591 |
| 34 | 659 |
| 35 | 373 |

STREET IMPROVEMENTS — REASSESSMENT — OBJECTIONS — ESTOPPEL.

Where a city council has regularly reassessed abutting property for street improvements, and has given notice to property owners to file objections to such assessment, within a certain time, as required by statute, an owner who fails to so object cannot afterwards dispute the validity of the assessment in an action to remove the cloud on his title created by a sale of the property upon foreclosure of the assessment lien.

SAME — CONSTITUTIONALITY OF STATUTE.

Laws 1893, p. 226, providing for the re-assessment of property "with reference to the benefits received," where the original assessment for street improvement has been declared invalid, complies with the doctrine that assessments for public improvements must be tested by the benefits conferred, and hence is not unconstitutional on the ground of authorizing the taking, under the guise of taxation, of private property for public use without compensation.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Reversed.

*William P. Reynolds* and *Emmett N. Parker,* for appellant.

*Stiles & Nash,* for respondent:

A street improvement assessment levied upon the basis of the frontage of abutting property is void because it violates the constitution of the United States. *Village of Norwood v. Baker,* 172 U. S. 269 (43 L. ed. 443); *Loeb v. Trustees of Columbia Township,* 91 Fed. 37; *Fay v. Springfield,* 94 Fed. 409; *Charles v. Marion,* 98 Fed. 166; *Lyon v. Town of Tonawanda,* 98 Fed. 361; *Cowley v. Spokane,* 99 Fed. 842; *Charles v. Marion,* 100 Fed. 538; *Parker v. Detroit,* 103 Fed. 357; *Hutcheson v. Storrie,* 51 S. W. 848 (45 L. R. A. 289, 71 Am. St. Rep. 884); *Walsh v. Barron,* 55 N. E. 164. These cases cover almost every possible phase of the question, and answer every possible argument against the application of *Village of Norwood v. Baker* to such cases; and they include cases of attempted estoppel, at all stages of the proceedings.

The opinion of the court was delivered by

DUNBAR, J.—The plaintiff is the owner of certain lots in the city of Tacoma. In the year 1892 the city improved the street upon which the lots fronted, and assessed the lots in a certain amount. Thereafter, in October, 1894, said assessment was set aside and annulled. In July, 1896, a new assessment was made under a proper ordinance, and in September, 1896, the commissioner of public works of the city of Tacoma,—he being the proper authority and officer so to do,—made and certified to the city council a reassessment roll, under the authority of ordinance No. 1004 and the law·of 1893 (Laws 1893, p. 226), to the

effect that, having examined the property and said improvements to determine how much each separate tract was benefited thereby, he found that each of said lots, pieces, or parcels of land described in the assessment roll was benefited by the said improvement in the amount set opposite said tract in the column marked "Amount of reassessment in the within roll," and found that the actual cost of said improvements was equitably apportioned to the property described according to the benefits received by each lot. Thereafter due notice of the assessment was given and of the time when objections thereto would be heard by the city council. No objections having been made and the assessment becoming delinquent, the lots in question were duly sold and the city of Tacoma bought them in. All the steps from the assessment to the sale were substantially complied with. This is an action brought by the owner against the city to remove a cloud from the title, he claiming that the assessment was illegally made. The court found that the labor, material, and money expended upon said improvement were of no benefit whatever to the property abutting thereon, and that the assessment was made without reference to benefits, but was made on a front foot basis; and from such finding concluded that the provisions of the charter of the city of Tacoma violated the constitution of the United States, for the reasons that the same did not recognize a benefit to such lots and parcels as a basis of such assessment; that the act of the legislature of the state of Washington approved March 9, 1893, providing for a reassessment of the cost of local improvements, was unconstitutional for the same reason; that the reassessment of plaintiff's lots was null and void; that the plaintiff was not estopped from maintaining this suit by his failure to file objections

to said reassessment; that he was entitled to the relief prayed for. Judgment was entered accordingly.

If the statement in this case had been a little more elaborate, it would have been exactly the statement made by this court in the case of *Annie Wright Seminary v. Tacoma*, 23 Wash. 109 (62 Pac. 444), with the exception that in this case the action is to remove a cloud, and in that case it was to enjoin the collection of a tax. We do not care to again discuss the questions which were discussed in that case. There it was held that, where a common council has regularly reassessed property for street improvements, and has given notice to property owners to file objections to such assessment within a certain time, as required by statute, an owner who fails to so object cannot afterwards dispute the validity of the assessment in an action to foreclose the assessment lien. So that, under that decision, which we now approve, the finding of the court in relation to the manner in which the assessment was made is utterly immaterial. This court has often said,—and the cases are cited and quoted from in the *Annie Wright Seminary Case, supra,*—that, the law having provided a tribunal to determine those questions, where the parties had had notice of the time when such questions would be determined and had not appeared, the decision of the tribunal as to them was conclusive. It will be remembered that this is a collateral attack upon the assessment, and not an appeal, as was the case in many of the cases cited by the respondent.

So that there is only one additional question in this case, and that is the constitutionality of the act of 1893. This act was also attacked by counsel for the respondent in the case of *Annie Wright Seminary v. Tacoma, supra,* but probably not quite so elaborately as by counsel for the respondent in this case. It is also insisted by counsel for

respondent here that the court should place a different construction upon the statute of 1893, since the publication of the case of *Village of Norwood v. Baker,* 172 U. S. 269 (19 Sup. Ct. 187). *Village of Norwood v. Baker* was also cited by counsel for respondent in the *Annie Wright Seminary Case,* and we are not able to see that the announcement of the rule in *Village of Norwood v. Baker* can or ought to in any way affect the judgment of this court in relation to the constitutionality of the act of 1893. The *Norwood Case* only announces the doctrine that the assessment must be tested by the benefits, and that the exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation. It is not a new doctrine which is announced, as is shown by the authorities brought to its support by the writer of the opinion, and the principle was recognized by this court when it upheld the constitutionality of the law of 1893. But it is contended by counsel that the law of 1893 would not bear the construction placed upon it by this court, and that it is not really a statute providing for assessment according to benefits. This court has said that the statute meant assessment by benefits, and that practically makes the statute mean it, and the construction of the statute placed upon it by this court will be followed by the supreme court of the United States. The statute in no way invaded the constitutional right of the owner of property in municipalities, and, the assessment having been made in conformity with the statute and of legal municipal laws, the judgment will be reversed, and the cause dismissed.

REAVIS, C. J., and FULLERTON, MOUNT and ANDERS, JJ., concur.