[No. 3512.    Decided May 11. 1901.]

A. POTTER, *Respondent,* v. CITY OF WHATCOM, *Appellant.*

MUNICIPAL CORPORATIONS — STREET IMPROVEMENTS — PAYABLE FROM
SPECIAL FUND — LIABILITY FOR FAILURE TO CREATE FUND.

Where a contract for the improvement of a street provides
that the cost thereof shall be payable out of a special fund aris-
ing from an assessment of the property benefited, the mere fact
that the amount realized from a valid assessment according to
benefits was inadequate to meet the cost of the improvement
would not render the city liable for the difference out of its
general fund.

SAME — FAILURE TO OBJECT BEFORE CITY COUNCIL — REVIEW BY COURTS.

The question of the inadequacy of an assessment for a street improvement to cover the cost of the improvement cannot be raised in a collateral proceeding to recover upon the warrants issued by the city in payment of the expense of the improvement, since it conflicts with the rule that all questions affecting the assessment proceedings, not going to the jurisdiction of the city to make the assessment, must be taken before the city council pending confirmation by that body, and an appeal taken from its determination, before the courts will inquire into the regularity or sufficiency of the proceedings.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Reversed.

C. H. Hurlbut, T. E. Cade and Newman & Howard, for appellant.

S. A. Callvert, for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The respondent brought this action against the appellant to recover upon certain street-grade warrants. To the answer to the complaint a demurrer was interposed, which the trial court sustained; and, upon the appellant's refusal to plead further, judgment was entered against it in accordance with the prayer of the complaint. The city brings the cause here. From the record it appears that the appellant is the successor of the former city of New Whatcom and the city of Whatcom, which were consolidated in 1891; that prior to the consolidation the old city of New Whatcom, by ordinance passed in conformity to its charter, ordered that so much of Elk street, in that city, as lay between Alder street and the south boundary of the city, or Tyler street, should be improved in accordance with certain plans and specifications theretofore prepared by its city engineer; that the contract for the work was let to W. G. Fleming & Co., who performed the same

according to the plans and specifications; and that the city, in compliance with its part of the contract, issued to them warrants aggregating the sum of $26,376.51, $19,928.98 of which were drawn upon a special fund, called the "Fund for the Improvement of Elk street from Alder street to Tyler street." The former city of New Whatcom thereafter levied an assessment upon the property fronting upon the improved street for the purpose of meeting these warrants. This assessment was made without regard to benefits, and was never attempted to be enforced by the officers of the city levying it, or the appellant city of New Whatcom. In 1897 the appellant caused a reassessment of the property fronting upon the improvement to be made according to benefits, when it was found that the original cost of the improvements exceeded the amount of the benefits—the sum that could be lawfully assessed against the property liable to be specially assessed therefor—by the sum of $6,518.98. This assessment was, after notice, duly confirmed by the city council. Appeal therefrom by certain parties interested was taken to the superior court, which adjudged the procedure of the city council regular and valid, and on appeal to this court the judgment of the superior court was affirmed. See *Bellingham Bay Imp. Co. v. New Whatcom,* 20 Wash. 53, 231 (54 Pac. 774, 55 Pac. 630). The respondent holds the warrants sued upon by assignment from W. G. Fleming & Co. While it appears that a considerable part of the sum assessed yet remains unpaid, and that the city has instituted proceedings to enforce its payment, it also appears that there are outstanding warrants, antedating the respondent's warrants in their order of issuance, sufficient to absorb the entire fund created by the special assessment, and that when these warrants are paid nothing will be left of the fund to apply on the warrants sued upon.

14—25 WASH.

Under what circumstances a municipal corporation will become generally liable for the payment of warrants drawn upon a special street improvement fund, where the fund itself has not been made available for the payment of the warrants, is a matter that has been frequently before this court for determination.  In *German-American Savings Bank v. Spokane,* 17 Wash. 315 (49 Pac. 542, 38 L. R. A. 259), the court exhaustively reviewed its former decisions, cited and reviewed many cases from other jurisdictions, and announced what it conceived to be the correct principle governing the question.  It was there ruled that the municipality was not liable for the payment of such warrants out of its general fund, unless the contract expressly made it liable, or the municipality had collected the special fund and misappropriated it.   This ruling, it was confessed, was not in harmony with some of the prior decisions of the court, but it was also shown that these decisions did not agree one with the other; and it was the object and purpose of the then chief justice, who prepared the opinion in that case, to set the matter at rest, and announce a rule which would serve as a guide for the determination of future cases.   Since that time the court has adhered to the principles of that decision with substantial uniformity. In *Wilson v. Aberdeen,* 19 Wash. 89 (52 Pac. 524), the action was to recover upon warrants issued against a special street improvement fund.  The municipality had failed to make the special fund available for the payment of the warrants, and it was conceded by both sides that it was without its power so to do.   The appellant insisted that because of this fact the city was liable for the payment of the warrants out of its general fund.   The court denied the liability of the municipality, and in passing upon the question, after citing the case of *German-American Savings Bank v. Spokane, supra,* used the following language:

"It is not clear whether the remedy was lost in consequence of the exhaustion of the property covered by the special liens which was of any value or whether it was barred by lapse of time, but it would not make any difference. We regard all of these latter questions as immaterial, and view the contract as one binding the city to pay only from the special fund as stated. And whatever the fact may be, for the purposes of this case we adopt the concession that the remedy to prosecute the assessments is no longer available. But, notwithstanding this, we do not think the city should be held liable for the reasons set forth in the case referred to, although the question was not expressly decided in the opinion, it not being necessary. But the reasons for deciding against the plaintiff there apply with equal force against the plaintiffs here, although the special remedy is lost. The obligation rested upon the warrant holders to compel the officers of the city to proceed with the collection of the assessments, and, if they saw fit to allow their remedy to become lost through a failure to compel an enforcement of the assessment proceedings, they, and not the general taxpayers, must bear the consequences. They were bound to take notice of what was being done in the premises, or of any failure to proceed. If the property was exhausted and proved to be inadequate, that loss can not be imposed upon the general taxpayers."

In *Potter v. New Whatcom,* 20 Wash. 589 (56 Pac. 394, 72 Am. St. Rep. 135), the other phase of the rule was presented. The municipality had collected the special assessment and turned the money into its treasury, after which it was converted by the treasurer. It was ruled that the municipality was responsible to the warrant holders for the safe custody of the money, and was liable out of its general fund because of the conversion. In *North Western Lumber Co. v. Aberdeen,* 22 Wash. 404 (60 Pac. 1115), both phases of the question were presented. The action was brought to recover upon warrants, certain of which could not be paid because the fund upon which they were drawn

had not been made available, and certain others because the municipality had paid warrants subsequent in their order of issuance to the complainant's warrants, exhausting the fund out of which the warrants were properly payable. It was there held that the municipality was not liable for the payment of the first class mentioned out of its general fund, but was so liable for the payment of the second. In line with these cases may be cited the cases holding that a municipality, where it contracts for a street improvement by the terms of which payment for the improvement is to be made out of a special fund created by assessment upon the property benefited, does not incur a debt, within the meaning of the constitutional provision prohibiting municipalities from incurring an indebtedness in excess of one and one half per centum of the assessed value of the taxable property within its jurisdiction. *Baker v. Seattle,* 2 Wash. 576 (27 Pac. 462); *Soule v. Seattle,* 6 Wash. 315 (33 Pac. 384, 1080); *Winston v. Spokane,* 12 Wash. 524 (41 Pac. 888); *Faulkner v. Seattle,* 19 Wash. 320 (53 Pac. 365); *Fogg v. Town of Hoquiam,* 23 Wash. 340 (63 Pac. 234).

But it is said the facts of the case before us take it out of the rule of the cases cited, and bring it within the rule of the case of *Philadelphia, etc., Trust Co. v. New Whatcom,* 19 Wash. 225 (52 Pac. 1063). In that case it appeared that the municipality, in making a reassessment to cover the cost of a street improvement, had failed to include in such reassessment anything more than the face amount of the warrants drawn against the fund, thus making no provision for the accumulated interest. The municipality was held liable for the payment of the interest out of its general fund, on the principle that it had undertaken to make the reassessment, and was bound to "do its full duty in the premises, and make such reassessment

for a sum sufficient to meet the full obligation of its contract." If there is a sound distinction between the rule of that case and the rule of the cases first cited, we cannot think the case at bar falls within it. There the municipality had ample power, so far as the record disclosed, to make the amount of the reassessment ample to cover not only the principal sum named in the contract, but the accumulated interest as well, while in the case before us it is shown that the sum that could be lawfully assessed upon the property benefited fell short of the principal sum named in the contract by several thousand dollars. But we do not think the case can be distinguished from the cases first referred to on any sound principle. To hold that a municipality will become liable out of its general fund for the payment of warrants drawn upon a special fund, if it attempts in good faith to make the special fund available, but fails in part of accomplishment because of the neglect or omission of some detail on the part of its officers, and that it will not become so liable if it fails and neglects to act in the matter at all, certainly cannot be justified by any correct reasoning. More than this, the decision is in conflict with the rule repeatedly announced by this court, both prior and subsequent to that time, to the effect that all questions affecting the assessment proceedings, not going to the jurisdiction of the municipality to make the assessment, must be taken before its council on the hearing pending the confirmation of the assessment proceedings by that body, and appealed therefrom to the courts, before the courts will inquire into their regularity or sufficiency. *New Whatcom v. Bellingham Bay Imp. Co.,* 16 Wash. 131 (47 Pac. 236); *New Whatcom v. Bellingham Bay Imp. Co.,* 18 Wash. 181 (51 Pac. 360); *Heath v. McCrea,* 20 Wash. 342 (55 Pac. 432); *Annie Wright Seminary v. Tacoma,* 23 Wash. 109 (62 Pac. 444); *McNamee v. Tacoma,* 24 Wash. 591 (64 Pac. 791).

Applying the rule of the cases first cited to the case before us, it is clear that the appellant is not liable to pay the warrants sued upon out of its general fund. It neither expressly contracted to so pay them, nor did it collect the fund and misappropriate it. Nor can the respondent in this action question the regularity or sufficiency of the assessment proceedings. His remedy for any wrong done him in those proceedings was to complain to the city council while that body was sitting to hear complaints, and, if he failed to obtain relief there, appeal therefrom to the courts.

The judgment is reversed and the cause remanded, with instructions to enter judgment for the appellant.

REAVIS, C. J., and ANDERS and WHITE, JJ., concur.