[No. 7041.   Decided January 20, 1908.]

CHARLES W. RENARD *et al.*, *Appellants*, v. THE CITY OF
SPOKANE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—STREET IMPROVEMENT—SPECIAL ASSESS-
MENTS—OBJECTIONS—TIME FOR TAKING. Objections to an assessment
for a local improvement, in that the plans provide for a rock cut
forty feet wide at a cost of $5,300, while the petition was for a cut
thirty feet wide at a cost not to exceed $3,600, and that wives of
community property holders did not sign the petition, go to the
regularity and correctness of the decision, within Laws 1901, p. 240,
and thereunder no appeal from the assessment can be taken unless
written objections to the assessment roll are filed with the city coun-
cil; hence a protest prior to assessment is insufficient.

SAME—MANNER OF OBJECTING. The statute requiring written ob-
jections to a special assessment is mandatory, oral objections at the
hearing being insufficient.

Appeal from a judgment of the superior court for Spokane
county, Kennan, J., entered June 16, 1906, in favor of the
defendant, confirming an assessment by a city for local im-
provements.   Affirmed.

*Hamblen, Lund & Gilbert*, for appellants.

*J. M. Geraghty* and *Alex M. Winston*, for respondent.

RUDKIN, J.—On the 11th day of July, 1903, property
owners on Spofford Avenue, in the city of Spokane, peti-
tioned the city council for the improvement of that avenue
between certain points, by grading, parking, and sidewalking.
The petition contained the following specification as to the
character of the work:

"The grade through the rock cut on said Spofford Avenue
to be made thirty feet wide, twenty feet between curb, and five
feet on each side of sidewalk, the grade to be put as far
south as property line."

[1]Reported in 93 Pac. 517.

On February 2, 1904, the city council, purporting to act on this petition, passed an ordinance creating an assessment district, approving plans and specifications directing the letting of a contract for the work, and levying an assessment to defray the expenses thereof.  On the 8th day of April, 1904, certain property owners on the avenue, including the appellants herein, filed a protest with the city council against the improvement of the street in accordance with the plans prepared by the city engineer, for the reason that the plans provided for a driveway forty feet in width through the rock cut, instead of thirty feet as called for by the property owners' petition, and for the further reason that the cost of the improvement was not to exceed $3,600, whereas, the estimated cost of the proposed improvement was $5,307.90.  The assessment roll on which the present appeal is based was filed with the city clerk on the 23d day of May, 1904; notice of the filing was published on May 26, 1904, and the time for hearing objections fixed for June 28, 1904.  The ordinance confirming the assessment roll was approved September 20, 1904, and thereupon the appellants here appealed to the superior court.  The two objections urged in that court were, that the improvements made differed materially from the improvement petitioned for, and that the wives of the petitioners did not sign with their husbands where community property was involved.  The court confirmed the assessment, and from its judgment in that regard the present appeal is prosecuted.

At the threshold of the proceeding the appellants are met with the objection that there is nothing before this court for review, for the reason that the appellants filed no written objections to the assessment roll before the city council as required by § 2 of the act of March 16, 1901; Laws 1901, page 240.  That section provides as follows:

"Whenever any assessment roll for local improvements shall have been prepared as provided by law, charter or ordinance of any city of the first class, and such assessment roll shall have been confirmed by the council or legislative body of such

city, after due and proper notice to the property owner, as provided by law, charter or ordinance, so that said owners of property may have a reasonable opportunity to object to or protest against any assessment, the regularity, and correctness of the proceedings to order said improvement, and the regularity, validity and correctness of said assessment cannot in any manner be contested or questioned in any proceeding whatsoever by any person not filing written objections to such roll, prior to the same being confirmed, as aforesaid, and at such time or times as may be prescribed by the charter or ordinance."

It seems manifest that the objections now urged go to the regularity and correctness of the proceedings in ordering the improvement, and to the regularity, validity and correctness of the assessment, and cannot be reviewed by the courts, unless proper written objections were filed. *Annie Wright Seminary v. Tacoma,* 23 Wash. 109, 62 Pac. 444; *McNamee v. Tacoma,* 24 Wash. 591, 64 Pac. 791; *Potter v. Whatcom,* 25 Wash. 207, 65 Pac. 197; *Young v. Tacoma,* 31 Wash. 153, 71 Pac. 742; *Ferry v. Tacoma,* 34 Wash. 652, 76 Pac. 277; *Alexander v. Tacoma,* 35 Wash. 366, 77 Pac. 686; *Aberdeen v. Lucas,* 37 Wash. 190, 79 Pac. 632.

It may be, as contended by the appellants, that objections going to the jurisdiction of the city council to order the improvement or levy the assessment are not waived by failing to file written objections, but the objections under consideration go merely to the regularity of the proceedings in ordering the improvement and are not of a jurisdictional character. But if we are in error in this, nevertheless the right of appeal in these cases is purely statutory, and is limited to those who have filed objections against the assessment roll before the city council. Manifestly the protest filed with the city council against the proposed improvement, nearly two months before the assessment roll was filed with the city clerk, cannot be considered as objections to the assessment roll, and the oral objections made at the hearing were utterly insufficient in both form and substance. Furthermore, inasmuch as the

written objections are made the basis of the hearing before the city council and in the courts, the requirement of the statute that they shall be in writing is mandatory.

The judgment of the court below must therefore be affirmed.

HADLEY, C. J., CROW, DUNBAR, ROOT, and MOUNT, JJ., concur.

FULLERTON, J., concurs in the result.