[No. 7650.   Decided November 13, 1908.]

SEATTLE & PUGET SOUND PACKING COMPANY, *Appellant,*
v. THE CITY OF SEATTLE *et al., Respondents.*[1]

MUNICIPAL   CORPORATIONS—IMPROVEMENTS—ASSESSMENTS—OBJEC-
TIONS BEFORE CITY COUNCIL—WAIVER—JURISDICTION.  The objection
that property sought to be assessed is exempt, by reason of a ver-
dict and judgment in condemnation proceedings determining that
the same was damaged in excess of benefits, is jurisdictional, and is
not waived by failing to file objections to the assessment before the
city council, under Laws 1901, p. 240, § 2, providing that the assess-
ment cannot be contested by any person not filing written objections
to the assessment roll.

Appeal from a judgment of the superior court for King
county, Morris, J., entered June 29, 1908, in favor of the
defendants, dismissing an action to annul a local improvement
assessment, upon sustaining a demurrer to the complaint. Re-
versed.

*Charles A. Riddle* (*Graves, Palmer & Murphy* and *Alex-
ander & Bundy,* of counsel), for appellant.

*Scott Calhoun, James E. Bradford,* and *Howard D.
Hughes,* for respondents.

RUDKIN, J.—This action was instituted to cancel and annul
a local improvement assessment, imposed by the city of Seattle
on certain property owned by the appellant, and to remove a
cloud.  A demurrer to the amended complaint was sustained,
and from the order of dismissal the present appeal is prose-
cuted.  The assessment complained of is invalid under the
decision of this court in *Schuchard v. Seattle, ante* p. 41,
97 Pac. 1106, and the judgment appealed from must be re-
versed on the authority of that case, unless the appellant is
estopped to deny the validity of the assessment by reason

[1]Reported in 97 Pac. 1093.

of its failure to file written objections thereto before the city council as required by the act of March 16, 1901, Laws of 1901, p. 240. Section 2 of that act provides that:

"Whenever any assessment roll for local improvements shall have been prepared as provided by law, charter or ordinance of any city of the first class, and such assessment roll shall have been confirmed by the council or legislative body of such city, after due and proper notice to the property owner, as provided by law, charter or ordinance, so that said owners of property may have a reasonable opportunity to object to or protest against any assessment, the regularity, and correctness of the proceedings to order said improvement, and the regularity, validity and correctness of said assessment cannot in any manner be contested or questioned in any proceeding whatsoever by any person not filing written objections to such roll, prior to the same being confirmed, as aforesaid, and at such time or times as may be prescribed by charter or ordinance."

Under the above and similar enactments, we have repeatedly held that all objections to the regularity of the proceedings of the council not going to the jurisdiction of that body are foreclosed by failure to appear and file written objections to the proposed assessment at the time and in the manner provided by charter or ordinance. *New Whatcom v. Bellingham Bay Imp. Co.*, 16 Wash. 131, 47 Pac. 236; *Tumwater v. Pix*, 18 Wash. 153, 51 Pac. 353; *New Whatcom v. Bellingham Bay Imp. Co.*, 18 Wash. 181, 51 Pac. 360; *Northwestern & Pacific etc. Bank v. Spokane*, 18 Wash. 456, 51 Pac. 1070; *Heath v. McCrea*, 20 Wash. 342, 55 Pac. 432; *Annie Wright Seminary v. Tacoma*, 23 Wash. 109, 62 Pac. 444; *McNamee v. Tacoma*, 24 Wash. 591, 64 Pac. 791; *Potter v. Whatcom*, 25 Wash. 207, 65 Pac. 197; *Lewis v. Seattle*, 28 Wash. 639, 69 Pac. 393; *Young v. Tacoma*, 31 Wash. 153, 71 Pac. 742; *Ferry v. Tacoma*, 34 Wash. 652, 76 Pac. 277; *Alexander v. Tacoma*, 35 Wash. 366, 77 Pac. 686; *Aberdeen v. Lucas*, 37 Wash. 190, 79 Pac. 632; *Renard v. Spokane*, 48 Wash. 345, 93 Pac. 517. At the same time it is conceded in all these cases that objections going to the jurisdiction of the city council are

not waived. *Potter v. Whatcom, Lewis v. Seattle,* and *Alexander v. Tacoma, supra.*

On the other hand, it has been held repeatedly, and we think correctly, that when an attempt is made to assess or levy a tax or assessment on property which is by law exempt from assessment or taxation, the property owner is not required to appear before the assessing or taxing officers, but may rest on his statutory rights and resist the tax or assessment at any time or in any form. *Illinois Central R. Co. v. Hodges,* 113 Ill. 323; *Rosehill Cemetery Co. v. Kern,* 147 Ill. 483, 35 N. E. 240; *Smith v. Osburn,* 53 Iowa 474, 5 N. W. 681; *Lill v. Chicago,* 29 Ill. 31; *De Haven v. Berendes,* 137 Cal. 178, 67 Pac. 786; *Port Dodge Elec. L. & P. Co. v. Fort Dodge,* 115 Iowa 568, 89 N. W. 7; *Owens v. Marion,* 127 Iowa 469, 103 N. W. 381.

We think this case falls within the latter class. As soon as it was finally determined by the judgment of the court in the condemnation proceeding that the property of the appellant was damaged over and above all local and special benefits arising from the proposed improvement, the right and power to levy special assessment against the property to defray the expenses of that improvement was gone, and the subsequent attempt on the part of the city to assess the property, notwithstanding the previous verdict and judgment, was mere usurpation, and beyond its jurisdiction. When once judicially determined that the property of the appellant was damaged and not benefited by the improvement, it had a right to rest on that adjudication and was not compelled to take further notice of what the legislative department of the city might thereafter do or attempt to do.

The judgment of the court below is reversed, and the cause remanded with directions to overrule the demurrer and proceed to judgment in accordance with this opinion.

FULLERTON, ROOT, and DUNBAR, JJ., concur.

HADLEY, C. J., and CROW, J., took no part.